# HENRY A. MIX, Appellant, *v.* THE PEOPLE, Appellees.

## APPEAL FROM OGLE.

No matter in what way a prisoner appears before a judge of the Circuit Court, his offense may be inquired into, and a recognizance given by himself and sureties will be obligatory.

It is no answer to the *scire facias,* upon a recognizance, to say that the prisoner was in confinement in another county, upon a different charge. The law provides a way for producing a prisoner so situated.

THIS *scire facias* alleges, that on September 30th, 1858, A. B. Fuller being confined in jail of Ogle county, under an indictment for passing counterfeit money, found at June term, 1858, of Ogle Circuit Court, filed in said court, June 12th, 1858, Fuller and Mix, on the 13th day of September, 1858, appeared before J. V. Eustice, judge of the 22nd circuit, and executed a recognizance as follows:

STATE OF ILLINOIS, }
  22ND JUDICIAL CIRCUIT. }

Be it remembered, that on the 13th day of September, A. D. eighteen hundred and fifty-eight, Azariah B. Fuller and Henry A. Mix, personally came before J. V. Eustice, judge of the Twenty-second Circuit of said State, and severally and respectively acknowledged themselves to owe and be indebted to the People of the State of Illinois, in the sum of five hundred dollars, to be levied of their respective goods and chattels, lands and tenements, to the use of said People, if default shall be made in the condition following, to wit: The condition of this recognizance is such, that if the said Azariah B. Fuller shall personally be and appear before the Circuit Court of the county of Ogle, on the first day of the next term thereof, to be holden at the court house, in the town of Oregon, to answer to an indictment preferred against him by the grand jury of said county, for the crime of passing counterfeit money, and do and receive what shall by the said court be then and there enjoined upon him, and shall not depart the court without leave, then this recognizance to be void, otherwise to be and remain in full force and virtue.

In testimony whereof, they have hereunto set their hands and seals the day and year first above written.

AZARIAH B. FULLER. [SEAL.]
H. A. MIX. [SEAL.]

Also alleges, that Eustace had authority to take and approve the recognizance; that the recognizance was filed in said Cir-

cuit Court, September 20th, 1858 ; that October 4th, 1858, at a term of the court, Fuller was called, and defaulted, and recognizance forfeited.

Motion to quash *scire facias* overruled.

1st Plea—*nul tiel* record.

2nd Plea—That there was no judgment of forfeiture.

3rd Plea—That at the time the recognizance was entered into, Fuller was confined in the jail of Ogle county, by virtue of a *capias* issued by the clerk of said court upon the indictment mentioned in the *scire facias*, and that upon the back of the writ was an indorsement requiring the sheriff to take bail in the sum of $500.

4th Plea—That at the time, and before the recognizance was entered into, Fuller was not in the county of Ogle, but was in the county of Lee, and was unlawfully imprisoned and restrained of his liberty by F. G. Petrie, sheriff of Lee county, without any process of law, and that to procure his discharge from said imprisonment, he entered into said recognizance.

5th Plea—That there was no such indictment against Fuller. Rejoinder.

6th Plea—That at the time defendant, Mix, was called upon by said recognizance to surrender said Fuller, said Fuller was imprisoned in the county jail of Carroll county, Illinois, at the suit of the People, to answer to a charge of having passed counterfeit money, by means of which the said People, plaintiffs in this case, absolutely prevented defendant from surrendering the body of said Fuller according to the terms of said recognizance.

A demurrer was sustained to, and leave given to amend third and fourth pleas.

Fourth plea, amended, alleges, that at the time of making and entering the recognizance, Fuller was restrained of his liberty, and imprisoned by F. G. Petrie, without any legal authority whatever, and said Fuller and defendant entered into said recognizance for the sole purpose of releasing said Fuller from said unlawful imprisonment.

There was a trial by jury, who found the issue for the People as against the defendant, Henry A. Mix, and found for the People the sum of $500, being the amount due on the recognizance.

Motion in arrest of judgment, and for a new trial, overruled.

The errors assigned, are :

The court erred in overruling the motion to quash the writ of *scire facias.*

The court erred in sustaining the demurrer to the third and sixth pleas severally.

The court erred in trying the cause with the issue on the amended plea undetermined.

The court erred in rendering the judgment aforesaid in manner and form aforesaid, and he prays that the judgment be reversed.

GLOVER, COOK & CAMPBELL, for Appellant.

D. P. JONES, State's Attorney, for the People.

CATON, C. J. No matter how the prisoner came before the judge, whether in obedience to a writ of *habeas corpus*, or by a warrant issued by himself or some other officer, or whether brought before him without such process, or by his voluntary appearance, the judge had an undoubted right to inquire into any charge against him, as the cause of his detention, and to admit him to bail, and take recognizance of himself and his sureties, if in his judgment the case required such a course. The law clothes the judge with jurisdiction of the subject matter, and when the prisoner was before him, no matter how he came there, he had jurisdiction of his person, and then his jurisdiction was complete. The recognizance was taken by proper authority, and was binding. This disposes of the fourth amended plea, and shows that it constituted no defense, and it was no matter whether the demurrer was formally disposed of or not.

The defense set up by the sixth plea was also bad. That shows, that at the time the bail was required to surrender the prisoner, he was confined in jail in another county, at the suit of the People, upon another criminal charge. This did not relieve the sureties from their obligation to produce the prisoner, and for that purpose the law entitled the sureties to an appropriate writ of *habeas corpus*. For this, so far as we know, they did not apply. See *Brown* v. *The People*, decided at this term, *ante*, p. 28.

*Judgment affirmed.*