H. JENNINGS, *et al.,* v. THE STATE OF KANSAS.

1. PLEADING; *Action on Forfeited Recognizance.* In an action upon a forfeited recognizance, given upon the continuance of a criminal cause from one term to another, an allegation of the filing of an information, an order of continuance, etc., is sufficient, without averring a prior arrest and a preliminary examination or a waiver of it.

2. PROCESS; *Commitment.* The warrant of commitment issued upon such continuance is a process of the court, and should be under the seal of the court, and signed by the clerk, and should not be under the hand of the judge.

3. ——— *Record; Presumption.* Where the information is not preserved in the record, it will be presumed that it sufficiently and fully charged a crime of which the court had jurisdiction; and then a warrant which refers to the filing of the information and states generally the character of the crime, without stating the particular facts and circumstances of the case, or the county in which the crime is charged to have been committed, will be held sufficient.

4. RECOGNIZANCE; *Omission to Record.* An omission to file and record the recognizance as required by § 144 of the criminal code, before the forfeiture, is not such an omission as will defeat a recovery.

5. DESCRIPTION OF DISTRICT COURT. A description of the district court of Cloud county as the "twelfth judicial district court sitting in and for the county of Cloud," is not a misdescription, though perhaps unnecessarily full.

6. CRIMINAL CODE; *Rules of Decision.* Section 154 of the criminal code has made radical and sweeping changes in the rules of decision in actions on forfeited recognizances, and under it the old decisions are of little value as authority in this state.

*Error from Cloud District Court.*

AN action was instituted by the county attorney in the name of *The State* against *Hezekiah Jennings, B. C. Sanders, Milo Stevens,* and *Richard Werst,* upon a recognizance taken in a criminal action, executed by said *Jennings* as principal and the other defendants as sureties. The defendants demurred to the petition. At the May Term 1873 the district court overruled the demurrer. The defendants then filed a general denial, the case was tried, and judgment was given against

the defendants. New trial refused, and the defendants bring the case here on error.

*L. J. Orans,* for plaintiffs in error:

1. The court erred in overruling the demurrer. The second ground of demurrer was that the petition did not state facts sufficient to constitute a cause of action. The petition sets out that "Hezekiah Jennings, one of the defendants above named, was at the May Term of the said district court in the year 1872 sitting in and for said county of Cloud, by the county attorney of said county, charged with grand larceny, as appears from the information filed in said case at said term of court, whereupon it was ordered," etc. The county attorney could not file an information against any person for any offense until such person had had a preliminary examination therefor, as provided by law, unless such person waived his right to such examination. (Gen. Stat., 832, § 69; 3 Kas., 250.) There is no averment of an arrest, nor of a preliminary examination, nor of waiver thereof. These averments are necessary, and must be proved. The petition does not show that the principal defendant was legally in custody charged with a public offense. (Gen. Stat., 844, § 154; p. 647, § 87.)

The petition avers "it was ordered by the court that this cause be continued, and the defendant held to bail in the sum of $800 for his appearance at the next term of said court, and in default thereof he stand committed to the common jail of Cloud county, and if there be no jail in Cloud county, then that the defendants be committed to the jail of the county of Riley, there to remain until he be discharged by due course of law, which order of commitment was duly issued by said court, and delivered to the sheriff of Cloud county, a copy of which commitment is hereto attached, and made part of this petition." There is no such commitment, as is averred, attached to the petition. The paper attached to said petition was not duly issued by *the court,* and is not a proper commitment. It was not duly issued. "The mitti-

6—13 KAS.

mus must be in writing, and under the hand and seal of the magistrate, and show the time and place of making it." (2 Hale, 122; 1 Chit. Cr. L., 109; 2 Hawk. P. C., c. 16, § 13.) The mittimus is not signed by the magistrate. The certificate is made by a person styling himself "clerk of the twelfth judicial district," (an office unknown to the law,) and he signs it thus—"W. E. Reid, Clerk District Court." Clerk of what district court? of what county? of what state, or country? "Where a recognizance is taken by a sheriff, his attestation must show the county for which he is sheriff, otherwise the recognizance will be void." (4 Humph., 213.) A glance at our statutes shows it was the duty of the judge to sign the mittimus. "It shall be the duty of the magistrate to commit to prison until he find the same, specifying in the warrant the cause of commitment and the sum in which security was required;" (Crim. Code, § 10;) "when such person shall fail to recognize he shall be committed to prison by an order under the hand of the magistrate;" (§ 47;) "if the defendant is committed to jail the magistrate shall make out a written commitment, signed by him, which shall be delivered to the jailor by the officer who executes the order of commitment. He shall indorse upon the order of commitment the sum in which bail is required;" (§ 56.) "Warrants authorized by law to be issued in criminal cases may be under the hand of the magistrate issuing the same, and shall be as valid and effectual in all respects as if sealed;" (§ 310.) These sections as well as §§ 258, 280 and 302 show that it is the duty of the judge to sign the commitment.

A jail is required to be kept at the county-seat of each county, (Gen. Stat., 254, § 4,) and it is the duty of the jailor to receive in custody under his charge any person lawfully committed to such jail. (Gen. Stat., 358, § 189.) The magistrate can only commit to the county jail, and the commitment should name the place of imprisonment. (2 Strange, 934; 1 Ld. Raymond, 424.) The mittimus here sets out "Hezekiah Jennings is required to be safely kept and confined in the jail of *Riley county*, in the state of Kansas." The paper

is addressed to the sheriff of. *Cloud county*, directing him to imprison in another county. There is authority under our statutes to imprison in a different county from the one in which the arrest was made, or the hearing or commitment was had; but in the first place the commitment must be to the county jail of the original county, and then, *on the application of the sheriff*, in case there is no sufficient jail in the county, the committing magistrate or judge of the district court or criminal court of such county may order any person charged with crime and ordered to be committed to prison to be sent to the jail of the county nearest having a sufficient jail. (Gen. Stat., 532, § 16.)

The clerk of the court had no authority to issue a warrant of commitment. Sec. 135, ch. 82, might at first sight seem to imply such right, but that section applies to warrants of arrest, provided for by § 126 directing warrants to be issued on filing of informations; and this section is to be so construed as to mean informations legally filed; that is, in all cases where the court has jurisdiction to try offenses on information without preliminary examination, or in such extreme cases as § 71 provides for. There are but few instances in which the clerk is authorized to issue warrants or orders in criminal cases. These are found in § 126, to issue warrants of arrest after information filed; in § 247, after conviction, when the defendant is not present, and when his attendance is necessary, to issue warrants of arrest; and in §§ 254, 255, and 256, after conviction in certain cases, to certify sentences, which shall be a sufficient authority to the sheriff or officer. These are the only sections in the statutes which confer authority on the clerk; and as they do not provide for the issuing by him of such a paper as the one called a mittimus, the paper was not a mittimus, nor could the jailor receive or hold a person thereunder.

Again, said paper, as well as the petition, simply says that Hezekiah Jennings was charged with grand larceny. They do not allege when or where the offense was committed, and that the court had jurisdiction thereof. "It should set forth

the complaint on which it was founded." 4 Mass., 497; 9 Geo., 73; 1 Chit. Cr. L., 111.

2. The petition further alleges that the defendants entered into a "recognizance, a copy of which is attached, and made a part of this petition." The plaintiff makes profert of a recognizance, and produces a bond. The paper commences as a bond, "Know all men by these presents;" not as a recognizance—"Be it remembered." It sets out, as a bond, that the makers "are held and firmly bound in the penal sum of" —not that the parties "acknowledged themselves to owe." It concludes as a bond, and was so considered by the officer when he wrote at the foot thereof—"This bond as to amount," etc. "A recognizance is an acknowledgment of record of a pre-existing debt owing by the cognizors to the state, not as sureties, but as principals." (7 Kas., 394.) "A writing in the form of a bond, with collateral conditions, is not such an instrument as carries with it any of the evidence which in law distinguishes a recognizance from other obligations." (9 Ark., 313.) "When the statute requires a recognizance, a bond will not answer;" (9 Texas, 451;) "nor will a deposit of money;" (14 Ala., 323.) Our statutes allow money to be deposited. This alleged recognizance was not acknowledged. The officer wrote at the foot these words, "This bond, as to amount and sureties, approved this 20th day of May, 1872." "An acknowledgment signed and sealed by the accused and two others, at the foot of which the judge wrote the words 'attested and approved,' was not a recognizance, but was unauthorized and void;" (3 Ohio St., 509.) It was not taken before a person properly qualified to take it, the sheriff having no legal warrant or mittimus authorizing him to arrest or hold the party. "An instrument of writing in the form of a recognizance in a criminal proceeding, but which was taken before the clerk of the district court, acknowledged before him and approved by him, is void;" (5 Kas., 563; 6 Kas., 228.) "A recognizance ought to state the ground on which it was taken, so that it may appear that the magistrate

taking it had jurisdiction and authority to demand and receive it;" (2 Greenleaf, 62, 9 Mass., 520; 16 Mass., 447.)

The paper on which this action was founded was not filed; and said paper, it is admitted, "was never in the possession of the clerk of the district court of Cloud county, nor filed by him, prior to the 12th of November 1872; nor ever recorded in the recognizance docket of said court." Filing was essential to give the paper force as a recognizance. "Every recognizance taken by any judge, justice of the peace, sheriff or other officer must be certified by him *forthwith* to the clerk of the court to which the defendant is recognized. The clerk must thereupon record the recognizance in the recognizance docket *and from the time of filing it has the same effect as if taken in open court.*" (Gen. Stat., 642, § 144.) The recognizance must be filed and made a *record* of the court to sustain a suit, (5 Kas., 563,) and this must be averred in the declaration; (4 Wend., 487.) "A declaration upon such recognizance will be bad unless it aver that such return and memorandum were made." (16 Ohio St., 267.) "The recognizance must contain all the essential parts both of the obligation and condition, and none of the essential parts can be supplied by oral testimony. A memorandum is not a recognizance." "A recognizance which is defective in any particular which by law is essential to its validity cannot be aided by oral testimony;" (2 Kelly, 137.) This bond does not show to what court the accused was recognized, or at least shows a different court from the one in which the forfeiture was declared. It says, "shall be and appear before the district court aforesaid." The word "aforesaid" applies to the language, "the 12th judicial district court sitting in and for the county of Cloud, in the state of Kansas." There is no such court in Cloud county. The court in which the forfeiture was made was "The District Court of Cloud county." This is the proper title of the court. (Gen. Stat., 304, §§ 1, 3, 4; p. 822, § 9; Const., art. 2, § 18; art. 3, §§ 1, 5, 6, 7, 10, 13.) "The recognizance must show on its face the court to which the defendant is bound to appear;" (9 Yerger, 386.) "A recogni-

zance requiring a defendant, in a criminal case, to appear before the circuit court of a county (there being no such court) cannot be enforced against the recognizors, by virtue of forfeiture taken in the district court." (4 Kas., 570.) A recognizance should fix the time for appearance, and cannot be forfeited at a subsequent period; (3 Yerger, 281; 1 Serg. & R., 328; 2 Dana, 135; 1 Parker Cr. R., 392.)

3. The petition sets up a *recognizance* "entered into by said Hezekiah Jennings, with B. C. Sanders, Milo Stevens and Richard Werst as sureties," and the exhibit shows a *bond* naming *Hezekiah Jennings* as principal, and *Hezekiah Jennings*, B. C. Sanders, Richard Werst and Milo Stevens as sureties. If the latter had been offered in evidence under a declaration upon the former it would have been held a fatal variance; (1 Chit. Pl., 334, 336.)

4. The petition should have contained a "statement of the facts constituting the cause of action;" (Code, § 87.) "Whatever circumstances are necessary to constitute the cause of complaint must be stated in the pleading;" (1 Chit. Pl., 245.) The petition failed to allege such facts as would authorize the sheriff to take a recognizance — that the officer had the principal defendant legally in custody charged with a public offense — that he was discharged therefrom by reason of giving the recognizance — that an obligation was entered into having the essential requisites of a recognizance — that the same was filed before forfeiture so as to give it the effect of a recognizance taken in open court — that it was recorded as required by law in the recognizance docket, or that the court to which the accused was recognized declared the recognizance forfeited. For these reasons the court should have sustained the demurrer of the defendants. (2 Chit. Pl., 472, note *h;* 473, notes *l, p;* 479, notes *d, e.*)

5. At the trial the court erred in admitting in evidence the papers copies of which are attached to plaintiff's petition. This trial occurred on the 3d day of May, 1873. The alleged forfeiture on the 11th of November, 1872, and when the objections were urged against the reading of the papers the

one called the recognizance was not yet filed and made a paper of the court, nor was it filed until after the court had found found for the plaintiff; nor had it been recorded in the recognizance docket; (Crim. Code, §§ 136, 137, 144, 147, 148, 150.) The papers clearly were not evidence. "In an action upon such an instrument, it is error for the district court to permit the same to be introduced in evidence, whatever the other evidence in the case may have been;" (5 Kas., 563.) The reasons urged in support of our demurrer show that this evidence should have been rejected.

6. The court erred in finding the issues for the plaintiff. The case made sets forth all the evidence offered in the court below. There was no evidence to show that Jennings was ever in custody, legally or otherwise; that he was charged with a public offense; that he was discharged from custody by reason of giving a recognizance. There was no evidence that the paper read in evidence was ever taken by the sheriff—he simply approved the bond as to amount and sureties—such is his return—no more, no less. There was no proof that either of the defendants subscribed their names to the paper called the recognizance. This was necessary; (Crim. Code, § 136.) There was no allegation in the petition of the execution of a written instrument which under § 108 of the civil code would through failure to verify the answer cause the same to be taken as true. It says that "the said Hezekiah Jennings entered into a recognizance *with* B. C. Sanders, Milo Stevens and Richard Werst his sureties." Nowhere does it declare that Jennings and his sureties entered into a recognizance to or with "the state of Kansas." Without such an averment, the plaintiff does not show capacity or title to sue. Had the alleged recognizance been offered and read without objection, the want of proof of execution and signature would have been dispensed with. We having objected, such proof was required. The evidence which the plaintiff produced coupled with the admission of plaintiff's counsel, was proof beyond doubt that the paper read in evidence never was certified to the clerk of the district court, and never filed or

recorded so as to make it what a recognizance is—"an obli-gation of record." The plaintiff having failed to show that there was "an obligation of record"—that the conditions of such obligation had not been complied with, and that the court in which said obligation was recorded had legally forfeited the recognizance, the court below should have found for the defendants instead of the plaintiff on the evidence.

*H. A. Hunter*, and *E. J. Jenkins*, for The State:

1. It was not necessary to allege in the petition in this case that there was a preliminary examination or waiver thereof. (*The State v. Finley*, 6 Kas., 366.) In the criminal prosecution the defendant might plead such fact (if it existed,) against the information; but when the petition in this case states that Jennings was in said information "charged with grand larceny," and said information being filed in the proper court, it alleged that he was charged with a public offense, for grand larceny is a public offense under the statute.

2. No matter how a person comes before a court, whether by warrant, or whether brought before the court *without process*, or by his voluntary appearance. When there the court has an undoubted right to inquire into any charge against him, as to the cause of his detention, and to admit him to bail, and take recognizance of him and his sureties, if in the judgment of the court the case requires such a course. (*Mix v. The People*, 26 Ill., 34.) The court ordered Jennings to be committed, in default of bail, to the jail of Cloud county, if there be a jail in said county, and if there be no such jail, then in the jail of Riley county, which the court could properly do. (Gen. Stat., ch. 53, §16.) The recognizance was properly taken and approved by the sheriff. Jennings being in the custody of the sheriff under the commitment on which the amount of bail was fixed by the court, the sheriff could approve the recognizance or "bond" and discharge the defendant. Crim. Code, §143; 10 Kas., 630.

3. No particular form of the recognizance or certificate was necessary; and it is not material what language is used, so

that it appears that the parties gave and the officers took and accepted the recognizance for the purposes contemplated by law. (17 Ill., 174; Crim. Code, § 154; 7 Kas., 404; 10 Kas., 581.) The rule of the common law requiring strict construction of recognizances has been changed and modified by statute; Crim. Code, § 154.

4. The failure to file the recognizance with the clerk, or to record the same in the recognizance docket, did not invalidate the recognizance as between the cognizors and the state. (3 Ohio St., 509; 14 Ohio St., 140.) The statute requiring the filing and recording of a recognizance is only directory; and, as between the cognizors and the state, has no more to do with the validity of the recognizance than a failure to record a deed, between the grantor and grantee. If the cognizors signed the recognizance and delivered it to the sheriff, it did not change their rights for the sheriff to hold the recognizance instead of delivering it to the clerk and the clerk recording it as required by law. The object of requiring the recognizance to be returned to the clerk and recorded in the recognizance docket is merely to prevent the same from being lost or destroyed. 3 Ohio St., 509; Crim. Code, § 154.

The opinion of the court was delivered by

BREWER, J.: This was an action in the district court of Cloud county upon a forfeited recognizance. As the record fails to show affirmatively that all the evidence is preserved we must presume that there was sufficient to sustain the general finding in favor of the plaintiff. So that the only questions before us arise on the overruling of a demurrer to the petition, and the effect of a fact admitted by the county attorney upon the trial.

The petition alleges no proceedings prior to the information. It alleges the filing of an information charging Hezekiah Jennings with the crime of grand larceny. It does not aver a prior arrest, a preliminary examination, nor a waiver of one. Hence counsel claim that the petition fails to show that the principal defendant

1. Pleading; action on forfeited recognizance.

was legally in custody, or that any recognizance could lawfully be required of him. This is a mistake. Under some circumstances an information may be filed without prior proceedings. (Gen. Stat., 832, §§ 69, 71; Laws 1871, page 279, § 2.) If a party pleads to an information and goes to trial upon it, he cannot thereafter claim a discharge from custody, or an arrest of judgment, because of the want of a prior examination. So where a petition alleges the filing of an information by the proper officer, in the proper court, the continuance of the case, and an order of the court requiring the defendant to give bail or be committed to the custody of the sheriff, it will be presumed that the information was filed under such circumstances as warranted its filing. Greater fullness seems unnecessary. (*Mix v. The People*, 26 Ill., 32.)

A second objection is, that the warrant to the sheriff is not signed by the judge, but is signed by the clerk and attested

2. Process; attestation of commitment. by the seal of the court. It is right as it is, and would not be right if as counsel claims it ought to have been. The order is the order of the court, and not of the judge. The warrant is the process of the court, and should be under the seal of the court, and signed by the clerk. (Gen. Stat., 768, § 700; p. 770, § 716; Gen. Stat., 840, § 126.)

Again, it is urged that the warrant does not show where the crime was charged to have been committed, nor indeed

3. Presumption; jurisdiction. does that fact appear anywhere in the petition. The information is not copied into the record, and we must therefore presume that it sufficiently and fully charged a crime of which that court had jurisdiction. The warrant might properly refer to the filing of the information, and then a mere statement of the character of the crime charged would be sufficient. It is not necessary that each paper in a criminal case show all the proceedings in a cause, or disclose the facts necessary to give the court jurisdiction. (*Redmond v. The State*, 12 Kas., 172.)

A fourth objection is, that the instrument sued on is in form a penal bond, rather than a recognizance. This ques-

tion has already been settled in this court. (*Ingram v. The State*, 10 Kas., 630.) It was admitted by the county attorney that the recognizance had not at the time of the forfeiture been filed or recorded, as required by § 144, criminal code, Gen. Stat., 842. This omission did not invalidate the instrument. It is an irregularity merely, one which under § 154 of the criminal code would clearly not affect the right of recovery.

*4. Omission to record recognizance.*

Again, it is objected that the recognizance is void because of a misdescription of the court. It is described as "the twelfth judicial district court, sitting in and for the county of Cloud." The only possible objection we can see to this description is, that it is unnecessarily full. It describes the court correctly, though it would probably be sufficient to call it "the district court of Cloud county."

*5. Description of court.*

There are some other points urged by counsel, but we think, under the liberal rule prescribed by § 154 above cited, none of them are sufficient to defeat a recovery upon this recognizance. Counsel for plaintiffs in error has been very diligent, and collected numerous authorities, and presented his points with clearness and force, and under the old rules which obtained prior to the enactment of said § 154 might properly have expected a different decision from this court. But language could hardly be more sweeping and comprehensive than that of § 154. It has at one blow swept away, so far as this state is concerned, nearly the entire accumulation of authorities on the matter of recognizances. It has, as we think, introduced a truer and better rule, and one which will tend to promote the interests of justice.

*6. Criminal code; rules of construction.*

The judgment will be affirmed.

All the Justices concurring.