## THE STATE v. HORN *et al.*, *Appellants.*

**Recognizance**: PRINCIPAL AND SURETY. The fact that the principal in a recognizance was arrested, tried, convicted, sentenced and imprisoned in another State, and was thereby prevented from fulfilling the conditions of the recognizance, will not avail the surety as a defense to a *scire facias.*

*Appeal from Clark Circuit Court.*—HON. J. C. ANDERSON, Judge.

AFFIRMED.

*Scire facias* on a recognizance by Horn, as principal, and Cherry, as surety. The answer of Cherry alleged in substance that Horn was prevented from fulfilling and performing the condition of the recognizance by reason of his arrest and confinement in jail by one Roe, United States marshal for the southern district of Illinois, about ten days before the time for his appearance before the court under the terms of said recognizance;     *     *     that he was detained in the custody of said officer from the time of his arrest until his trial, when he was convicted,     *     *     and was sentenced to the penitentiary of the State of Illinois for the term of seven years; that he was at the time of filing the answer confined in the State prison of Illinois, at Joliet, under said sentence serving out the time of the same. To this answer there was a general demurrer, which was sustained, and final judgment was entered for the State, from which Cherry appealed.

*J. L. Smith*, Attorney-General, for the State.

NAPTON, J.—This was a recognizance taken by the

State against Horn and Cherry, in which Cherry obliged himself· in a penalty that he would be ·responsible for Horn's appearance to answer an indictment against him. The defense was that Horn was prevented from performing the conditions of the recognizance by reason of his arrest in Illinois and his trial and conviction and sentence to the penitentiary of that State. This defense was held invalid. This was so held, in accordance with the opinion of the circuit court of the United States in *United States v. Van Fossen*, 1 Dill. C. C. 406, and of the Supreme Courts of Tennessee in *Devine v. The State*, 5 Sneed 623, and of Connecticut in *Tuintor v. Taylor*, 36 Conn. 242. As we concur in these opinions it is unnecessary to examine the questions decided and therefore affirm the judgment. The other judges concur.