## THE STATE OF KANSAS V. HENRY ARNSTEIN.

### No. 911.  (59 Pac. 602.)

1. CRIMINAL LAW—*Sufficient Warrant—Case Followed.*  Following the decision in *Jennings v. State*, 13 Kan. 80, it is held that the warrant under which the defendant was arrested was sufficient.

2. JURORS—*Assessment Roll—Disqualification.*  Under the facts stated in the record, it is held that one of the jurors was disqualified by reason of the fact that his name did not appear on the assessment roll of the year preceding the drawing of the jury.

Appeal from Butler district court; C. W. SHINN, judge.  Opinion filed January 11, 1900.  Reversed.

*A. A. Godard,* attorney-general, and *E. B. Brumback,* for The State.

*N. A. Yeager,* and *H. W. Schumacher,* for appellant.

The opinion of the court was delivered by

MILTON, J. :  At the June, 1899, term of the district court of Butler county, the defendant was convicted on three counts of an indictment containing five counts, charging violations of the prohibitory liquor law.  Before entering into a recognizance for his appearance for trial, the defendant made a special appearance in the court and moved to quash the warrant of arrest, for the reason that the court had no jurisdiction of the person of said defendant under said warrant, and that the same was no legal warrant of arrest, as by law required.  The motion was overruled.  The warrant read :

" STATE OF KANSAS, COUNTY OF BUTLER, ss.

"*The State of Kansas to the Sheriff of said County:* You are hereby commanded to take into custody the body of Henry Arnstein, and him safely keep, so that you have his body before the thirteenth judicial district of the state of Kansas, sitting within and for the

county of Butler and state of Kansas, forthwith, then and there to answer a certain crime of violating the prohibitory liquor law (five counts) with which he now stands charged in said court, by indictment filed by the grand jury of the county and state aforesaid. And fail not, at your peril, and have you then and there this writ.

"Given under my hand and the seal of said court, this 22d day of March, 1899.

V. A. OSBURN, *Clerk of District Court.*"

After the jury were impaneled and before they were sworn to try the cause, the defendant, who had exhausted his peremptory challenges, asked the privilege of challenging the juror Seabloom, for the reason that the latter's name did not appear on the assessment roll of the preceding year. The challenge was overruled. At the hearing upon the motion for a new trial, evidence was introduced from which it appeared that Seabloom removed from Iowa to a farm he had just purchased in Clay township, Butler county, on or about March 1, 1898; that the deed to the farm upon which he resided from and after that date was recorded on March 7, 1898; that he was not assessed in that township upon personal property for the year 1898, but that he paid the taxes for that year upon the said land; and that his name was not on the assessment roll for that year. It further appears that on April 3, 1899, the trustee of Clay township selected a list of jurors for that township, certifying that the names thereon were taken from those assessed upon the assessment roll of that township for the year 1899. Seabloom's name was upon that list.

We think the warrant of arrest was sufficient, within the decision in the case of *Jennings v. State*, 13 Kan. 80, which was an action upon a forfeited recognizance. It appears that the warrant under which Jennings was arrested, and which was based upon an informa-

tion duly filed, did not show where the alleged crime was committed, and that the petition in the action was silent as to that fact. It was therefore contended that the petition did not state facts sufficient to constitute a cause of action. The court said :

"The warrant might properly refer to the filing of the information, and then a mere statement of the character of the crime charged would be sufficient. It is not necessary that each paper in a criminal case show all the proceedings in a cause, or disclose the facts necessary to give the court jurisdiction."

The facts already stated lead us to conclude that the court erred in retaining the juror Seabloom without further inquiry concerning his qualifications. He was not qualified to sit as a juror in the trial of the case, and objection to his so sitting was made before the jurors were sworn to try the cause. Counsel for the state cite the case of *The State v. Lowe*, 56 Kan. 597, 44 Pac. 20, as sustaining their claim that Seabloom was a qualified juror. In our opinion it is not applicable to the state of facts disclosed in the record before us. There it was shown that the juror who was claimed to be disqualified because his name did not appear on the assessment roll for the preceding year had actually been assessed, but his name had not been placed upon the assessment roll. The court said that, as his name should have been placed upon the roll, the failure of the assessor to enter his name thereon when it was his duty to do so did not disqualify the juror. Here it is clear that Seabloom was not assessed in the year 1898, and that his name was taken from the assessment roll of 1899. Hence he was disqualified. The indictment appears to be sufficient as against the objection made.

For the error pointed out the judgment of the district court will be reversed, and the cause remanded for a new trial.