### UNITED STATES v. SHELTON.

(District Court, E. D. Louisiana, New Orleans Division. June 29, 1925.)

No. 9051.

1. **Bail ⊂⊃79(1)—Defendant, failing to appear when legally required, willfully defaults within meaning of statute; "default."**

Where defendant fails to appear when legally required by bail bond and properly called in court, he has willfully defaulted within meaning of Rev. St. § 1020 (Comp. St. § 1684), providing conditions under which court may remit penalty when bail bond is forfeited.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Default.]

2. **Bail ⊂⊃79(1)—Court is without authority to remit amount forfeited under bail bond, in the absence of some equitable condition, such as subsequent appearance of defendant.**

When obligation of bail bond is breached by principal without explanation, excuse, or justification, penalty of bond must be paid by surety, and court is without power, during continued absence of principal, to remit amount of bond; Rev. St. § 1020 (Comp. St. § 1684), applying only where defendant, after forfeiture of bond, appears and submits himself to court, or where some similar equitable condition exists and will justify court in remitting or reducing penalty or bond.

3. **Bail ⊂⊃79(2)—Failure of surety of bail bond to hear from principal is no evidence of his death.**

Failure of surety on bail bond to hear from principal, after making efforts to locate him, is no evidence of the death of principal.

4. **Bail ⊂⊃79(1)—Criminal law ⊂⊃636(1)—Accused, though charged only with misdemeanor, cannot be tried in his absence, and surety on his bail held not entitled to relief on ground that he might have been so tried.**

Accused, though charged only with misdemeanor, could not be tried therefor in his absence; hence surety on bail bond was not entitled to relief when accused failed to appear

when legally required, and authorized no one to appear for him, on ground that he might have been so tried.

At Law. Application by Joseph A. Cook, surety on bail bond of Marion Shelton, to remit amount of forfeiture. Application denied.

A. A. de la Houssaye, of New Orleans, La., for the United States.

Daniel Wendling, of New Orleans, La., for Joseph A. Cook, surety.

BEATTIE, District Judge. In this case, Joseph A. Cook, who signed as surety on the bail bond of the defendant, has, by motion, applied to the court to remit the amount of the bail bond under Revised Statutes, § 1020 (Comp. St. § 1684). He has interposed this objection to the final forfeiture of the bond by reason of the absence and failure to appear of the defendant, Marion Shelton. His counsel has submitted a brief.

Without assistance from the government, and without the submission of any brief or authorities by the government, the case is now before me for decision.

Cook's application is based entirely upon R. S. § 1020, which authorizes the court, in its discretion, to remit the whole or any part of the penalty when the bond is forfeited, "whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the case, and that public justice does not otherwise require the same penalty to be enforced."

[1] None of the facts justifying the court in remitting or reducing the penalty has been shown. The willful default referred to in the statute must be, I think, the willful default of the principal on the bond in failing to comply with the conditions of the bond and appear when thereby required. No statement of facts has been submitted to me, but I understand that it is conceded that the principal on the bond, Marion Shelton, has failed to appear when legally required by the bond and when properly called in court. This constitutes a willful default.

The next condition authorizing the judge to remit or reduce the penalty, is that a trial can, notwithstanding the willful default, be had in the case. This condition does not exist, as no trial can be had, in my opinion, in the absence of the defendant, whose absence alone is the cause of the forfeiture or proposed forfeiture of the bond.

The next condition is that public justice does not otherwise require the penalty to be enforced. There are no facts or reasons shown why public justice does not require the penalty to be enforced. The only reason contemplated by the statute, so far as I can see, is the subsequent appearance, after the original forfeiture, of the principal, so that he may be tried. Possibly some other conditions might justify this, as, for instance, proof of the death of the principal prior to his failure to appear when called, and the resulting forfeiture of the bond.

[2] Certainly, when the obligation of the bail bond is absolutely breached by the principal without explanation, excuse, or justification, the penalty of the bond must be paid by the surety, and in my opinion, the court has absolutely no discretion in such a case, during the continued absence of the principal, to change the obligation of the bond, which is to pay a fixed sum if the conditions thereof be breached. Otherwise there would be no need and reason for a bail bond.

I understand section 1020 applies to such cases where, after the forfeiture of the bond, the accused appears and submits himself to the orders of the court, or where some such similar equitable condition exists that would justify the court in remitting or reducing the penalty of the bond. Absolutely no such condition has been shown in this case.

[3] Cook, the surety on the bond, has submitted an affidavit in which he stated that he believes the principal is dead, as otherwise he would have heard from him. The failure to hear from him is no evidence whatever of the death of the principal. The fact that the surety may have made efforts to locate him without avail is no excuse. The penalty on every bail bond would have to be remitted, and the bonds would be of absolutely no value, if this were to justify a remission of the penalty.

Cook, in his brief, has referred to United States v. Jenkins, 176 F. 672, 100 C. C. A. 224, 20 Ann. Cas. 1255. In this case, it appears that Jenkins, the principal on the bond, after a preliminary forfeiture, but apparently before the final forfeiture of the bond, appeared at the next term of court and was then tried and found not guilty and ordered discharged. This case came directly within the provisions of section 1020, because it appeared, not only that the trial could be had, but in fact was had, and the accused was acquitted.

Cook has also referred to United States v. Feely, Fed. Case No. 15,082, 25 Fed. Cas. p. 1055. In this case it appears also that at a succeeding term of the court the accused ap-

peared and could therefore be tried, and on his subsequent appearance the accused showed good cause why he did not comply with the condition of the bond.

Cook also refers to United States v. Santos, Fed. Case No. 16,222, 27 Fed. Cas. p. 954. In this case, it appears that, while the accused was on trial, and before it was concluded, he departed without leave of the court, and trial was proceeded with in his absence, and he was acquitted by the jury. While, as hereinafter stated, I do not think that the defendant may be tried in his absence, yet in that case the court held that he could be, and, as a matter of fact, he was tried and acquitted, and there was therefore ample reason not to insist upon the penalty of the bond.

In this case Cook's counsel contends that under the authority of United States v. Santos, supra, the defendant, Shelton, may be tried in his absence, and that for this reason there is no cause to impose the penalty of the bond.

[4] I do not think that the defendant can be tried in his absence, even though he be accused only of a misdemeanor, the penalty for which can be only a fine. It is true that in the case of United States v. Santos, where the case had already been started before the departure of the accused, Circuit Justice Nelson held: "The case being a misdemeanor, it was competent to proceed with the trial in his absence." But he quoted no authority for this, and I do not believe that a trial of the accused, Shelton, in this case can be begun, had, and concluded entirely in his absence. Such a method of procedure would be absolutely contrary to the general practice in this court, and in all other federal courts, so far as I know, and in the state courts of Louisiana. Justice Nelson cited no authorities in support of his statement that the trial there already commenced could be proceeded with in the absence of the accused, who absented himself after the trial had begun.

In United States v. Shepherd, Fed. Case No. 16,274, 27 Fed. Cas. p. 1060, District Judge Hughes held, on a motion for a new trial and in arrest of judgment, that there was no error because the verdict was rendered in the absence of the accused, who had been present at the trial, and at the time of the verdict was in prison and had not been brought into court. In this case, though the crime may have been classified by statute as a misdemeanor, yet the penalty might have been as much as 15 years' imprisonment, and I do not think it is sound law to

hold in such a case that a verdict can be rendered in the absence of the accused. In this case Judge Hughes based his conclusion apparently upon the practice in Virginia, wherein the United States court in that case was held, and it was said that the Code of Virginia allowed the trial of a misdemeanor to proceed whether the accused was present in person or not. If we are to be guided at all in criminal cases by the law of the state where the court is held, then, so far as I know, there is no law in Louisiana permitting an accused to be tried for a misdemeanor in his absence, and certainly it is not the general practice.

In United States v. Leckie, Fed. Case No. 15,583, 26 Fed. Cas. p. 906, the court held that a party charged with a misdemeanor may, in the discretion of the court, be allowed to plead by attorney and to be tried in his absence, but in this case the trial, in the absence of the accused, was at the special request of the attorney representing him, and the court held that, because the accused himself requested it, it was proper that this discretion should be exercised "in favor of the accused." In this case the attorney was specially authorized by a power of attorney of the accused filed in court. This decision was rendered by the District Judge after consultation with Circuit Justice Curtis.

In United States v. Mayo, Fed. Case No. 15,754, 26 Fed. Cas. p. 1230, Circuit Justice Curtis, after a conference with the District Judge of that district, rendered a similar decision, and laid down the rules under which the accused could be tried in his absence. In this case also there was produced "a special power of attorney from the defendant to himself [his attorney], authorizing him to plead and defend at the trial, in the absence of the defendant." The accused himself, through his attorney, acting under that power of attorney, moved the court to be allowed to plead in the absence of the defendant, and the district attorney consented to the motion.

The Circuit Justice (after consultation with the District Judge) stated, among other things:

"It is in the discretion of the court, to allow one indicted for a misdemeanor to plead and defend, in his absence, by attorney. This discretion will be regulated by the following circumstances:

"(1) That it is not an offense for which imprisonment must be inflicted.

"(2) The court must be satisfied that the nature of the case, and its circumstances, are such that imprisonment will not be inflicted.

"(3) The district attorney must consent, or it must appear to the court that he unreasonably and improperly witholds his consent.

"(4) Sufficient cause must be shown, on affidavit, to account for the absence of the defendant.

"(5) A special power of attorney, to appear and plead and defend in his absence, must be executed by the defendant, and filed in court by the attorney."

Under those circumstances, the court held that in the interest of the accused and at his request, and therefore when his legal rights to be present were waived, his attorney, as the result of a special power of attorney, might be permitted to plead and defend the case in the absence of the accused himself.

A number of cases are cited in the case of United States v. Jenkins, supra. They seem to have been cited on another point—the particular point involved in that case—and I have had no opportunity of reading all of those decisions to see whether there have been any adjudicated cases holding authoritatively, either that one accused of a misdemeanor may be tried in his absence and without his consent, or that the obligation under his bail bond may be canceled, remitted, or reduced, if he never appears so as to show that his default was not willful and to make possible his trial. If those or any other decisions can be pointed out to me supporting authoritatively either of these propositions of law, I will reconsider my ruling herein, provided these cases be pointed out to me within five days from this date.

In a case like this, where the accused has simply fled from justice, or at least is absent without explanation, and has authorized no one to appear for him, a trial in his absence would be absolutely contrary to all general principles and practice, and would be illegal, null, and void. Such being the situation, the court is entirely and absolutely without any power or authority to cancel the obligation of the surety on the bond, or to remit any part thereof under section 1020, which, as above stated, authorizes a remission of a whole or a part of the penalty only when it appears (1) that there has been no willful default; (2) that a trial can be had; and (3) that public justice does not otherwise require the penalty to be enforced.

None of these conditions authorizing the remission or reduction of the penalty exists in this case. The court is absolutely without power to grant the motion, and it is denied.