## WEBER v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
April 4, 1929.

No. 8164.

J. Q. A. Harrod, of Oklahoma City, Okl., for appellant.

Roy St. Lewis, U. S. Atty., and Herbert K. Hyde, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before KENYON, Circuit Judge, and FARIS and SANBORN, District Judges.

FARIS, District Judge. This is an appeal by Weber to reverse a judgment against him for the sum of $1,500, being the full sum of the penalty on a bail bond, conditioned for the appearance of one Kelly to answer an indictment in a criminal case pending against the latter in the United States District Court for the Western District of Oklahoma.

It appears that a forfeiture was duly taken. The writ of scire facias issued and was served alone on appellant Weber; the accused principal and the sureties, except Weber, not being found within the district. Weber made return to the writ; and upon the writ, the return thereto, the allegations wherein were agreed to be true, and upon certain agreed and stipulated facts, herein below quoted, the case was by consent submitted to the court sitting as a jury. The court found in favor of the United States for the full penalty of the bond.

The chief defense of appellant is disclosed by the following excerpt from the agreed facts, to wit:

"That the facts of the foregoing cause are set out in the plaintiff's scire facias and in the defendant's answer in the above cause, and in addition to the facts therein set out, there are additional facts; i. e., that the defendant L. W. Weber has used due diligence to procure the appearance of the defendant Thomas F. Kelly; that prior to, and since the disappearance of the defendant Thomas F. Kelly and since bond was forfeited, to wit, October 10th, 1927, the defendant surety, L. W. Weber, has advertised extensively for the whereabouts throughout Nebraska, Iowa, North and South Dakota, Washington, Minnesota, and southwestern portion of Canada, same being territory (formerly) visited by the defendant Thomas F. Kelly; has offered a reward of $250 for his arrest and detention until the said Weber can send after him; that the family of the said Thomas F. Kelly,

father, wife, and other relations, say that they have not heard from him for a long time prior to the time this bond was forfeited, and that they knew nothing of his whereabouts; that he surreptitiously disappeared; that they are unable to say where he is at this time, or has been since the bond was forfeited."

▮ Appellant relies largely, if not wholly, upon the statute (section 601, title 18, U. S. C. [18 USCA § 601]), which reads thus:

"When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

The matter is a very simple one, in our opinion, and we think it is clear that appellant has set up no sufficient ground for relief; nor does the agreed statement of facts, on which it was submitted, disclose any defense whatever. Section 601, title 18, U. S. O. (18 USCA § 601), makes two conditions precedent necessary before it becomes applicable: First, "that there has been no willful default of the party;" and second, "that a trial can, notwithstanding, be had in the cause." There are a few cases, remarkable to say, which hold that the word "party," as used in section 601, supra, refers to him who asks for relief, and who ordinarily, at least, is the surety on the bond. But the great weight of authority is that this word refers to the defendant; that is, the principal in the bond, who, as a condition precedent to affording relief to the surety under the above statute, must not have been guilty of a willful default in failing to appear, at the time he was by his bail bond required to appear. United States v. Smart (C. C. A.) 237 F. 978; United States v. Shelton (D. C.) 6 F.(2d) 897; Fidelity & Deposit Co. of Maryland v. United States (C. C. A.) 293 F. 575. It seems to us that this view, as held in the above cases, so clearly accords with the reason of the thing and the weight of authority that further exposition of the point is unnecessary.

As already seen, section 601, supra, attaches another condition to the power of the District Court, to remit the whole, or a part of the penalty of the bond. That condition is "that a trial can, notwithstanding, be had in the cause." We think that, under no conceivable situation, can the surety avail himself of the provisions of section 601, supra, so long as his principal, as here, is absent, and evading trial. Here, so far as appears from the formal record before us, the principal absconded and fled to parts unknown. This default was, so far as now appears, wholly willful on the part of the principal. Even his present whereabouts was unknown at the time of the trial below, so far as the record before us discloses, and so a trial cannot be had in the case, the default notwithstanding.

It follows that, of the two conditions precedent required by section 601, supra, neither is present among the agreed facts. It seems fairly clear that the absence of either precluded the trial court from giving any relief to the surety. The absence of the principal, on the day he was by his bail bond to appear, was not caused (a) by act of God; (b) by act of the obligee; or (c) by act of law. Taylor v. Taintor, 16 Wall. 366, 21 L. Ed. 287. These conditions, or one of them, outside of the statute, furnish the only defenses of fact open to the surety. He has neither brought himself within the excusing pale of either of the above defenses, nor has he brought himself within the excusing conditions of section 601, supra, above discussed.

Subsequent to the submission of this case in this court, a stipulation was filed by counsel for Weber and counsel for the United States, wherein it is agreed that Kelly, the principal in the bail bond here in controversy, was in January, 1929, by a state court of the state of Nebraska, sentenced to imprisonment in the Nebraska penitentiary for a term of 20 years, for a crime committed by him pending his enlargement on the bail bond here in controversy, and that he is now incarcerated in the penitentiary upon such sentence.

▮ Obviously this fact was not before the trial court. This appeal must be heard here upon the record which was before the trial court, and on that alone [Dean v. United States (C. C. A.) 30 F.(2d) 523], and this court can consider the stipulation only for the purposes pointed out in the Dean Case, supra.

▮ But, as an act of grace, we consider whether Weber is at all aided by the facts stipulated. We think it too plain for argument that he is not, and hold that the incarceration of the principal in a different jurisdiction for a second and different offense against the laws of that jurisdiction, even where the principal is prevented from appearing to answer his bail by such incarceration, does not exonerate the surety. This view is fortified by the great weight of au-

thority, both in state and federal courts. In fact, the cases seem to be practically unanimous in so holding. State v. Horn, 70 Mo. 466, 35 Am. Rep. 437; United States v. Van Fossen, Fed. Cas. No. 16,607, 1 Dill. 406; Devine v. State, 5 Sneed (Tenn.) 623; Taintor v. Taylor, 36 Conn. 242, 4 Am. Rep. 58; United States v. Marrin (D. C.) 170 F. 476; Mix v. People, 26 Ill. 32; Yarbrough v. Commonwealth, 89 Ky. 151, 12 S. W. 143, 25 Am. St. Rep. 524; Adler v. State, 35 Ark. 517, 37 Am. Rep. 48.

We conclude that the judgment of the trial court was right, and that it ought to be affirmed, which accordingly is ordered.