## Case No. 15,165.

### UNITED STATES v. FRENCH.

[1 Gall. 1.] [1]

Circuit Court, D. New Hampshire. May Term, 1812.

#### HABEAS CORPUS—STATE CUSTODY—BAIL.

The circuit court has no authority to issue a habeas corpus for the purpose of surrendering a principal in discharge of his bail, where the principal is confined in gaol merely under the process of a state court. Ex parte Cabrera [Case No. 2,278]; 1 Kent. Comm. 412. Nor will the court discharge the bail of such party, who have become bound by recognizance in the circuit court to answer, &c. merely on account of such impediment; but in their discretion the court will respite the recognizance.

[Cited in U. S. v. New Bedford Bridge, Case No. 15,867; Re McDonald, Id. 8,751; U. S. v. Van Fossen, Id. 16,607; Taylor v. Taintor. 16 Wall. (83 U. S.) 371; Re Fox, 51 Fed. 432.]

Information against the defendant [Jonathan French] for a misdemeanor, in loading merchandize in a sleigh, with intent to export the same to Canada, contrary to Act Jan. 9, 1809, c. 72 § 1; 9 Laws [Weightman's Ed.] 185 [2 Stat. 506]. At a former term the defendant had been arrested, and had recognised in court with sureties for his appearance to answer to the information.

Edward Cutts Jr., and J. Mason, for the bail, moved for a habeas corpus to the sheriff and gaoler of Grafton county, to bring up the body of the defendant to surrender him in court in discharge of the bail, on an affidavit that the defendant was confined in the gaol in said county on mesne civil process, under the authority of the state of New Hampshire.

U. S. Dist. Atty. Humphreys, opposed the motion.

BY THE COURT. We have no authority in this case to issue a habeas corpus. The authority given by Judicial Act 1789, c. 20. § 14 [1 Stat. 81], is confined to cases, where the party is in custody under color of process under the authority of the United States, or is committed for trial before some court of the United States, or is necessary to be brought into court to testify. It does not extend to cases where the process is from a state court, and the object is to surrender the party in discharge of bail.

The counsel for the bail then moved to

[1] [Reported by John Gallison, Esq.]

discharge the bail from their recognizance, on the ground that as it had become impossible to bring the defendant into court, without any default on his or their part, they ought not to be sufferers; and in support of the motion they cited 6 Term R.' 50; Id. 247; 1 Tidd, Prac. (Ed. 1790) 149; 2 Sell. Prac. 126; 1 Sell. Prac. 183; 10 Mod. 279; 2 Hawk. P. C. c. 15, "Bail." p. 179.

BY THE COURT. There is no sufficient ground for the application. There is no physical or legal impossibility of producing the defendant. The cases cited may be good law; but they proceed on the principle, that by operation of law the defendant had been discharged of the process, or had been placed beyond the reach of the bail. Nor can it be said that the defendant has been guilty in the present case of no default. His very confinement may have been the result of his own negligence or wrong. The circumstances of the case may furnish reasons for a respite of the recognizance to the next term, and a continuance of the information. How can the court foresee, that at another term the defendant will be in civil confinement? If the bail were now discharged, and the defendant should ultimately be released from his imprisonment, we have no means to prevent his escape from punishment under the act of congress. Motion overruled.