## J. B. LEGGETT *vs.* THE HEIRS-AT-LAW OF BENJAMIN LEGGETT.

It is erroneous for a Superior Court to pronounce any judgment, if the facts are controverted, until the same have been ascertained in some of the modes provided for.

This was an appeal from the Superior Court of Martin.

One Biggs, a creditor of the plaintiff's intestate moved in the above entitled cause which was a petition to make real estate assets, on notice to set aside a sale of the real estate on certain grounds.

This motion was supported by affidavits, and the facts constituting the basis of Biggs' motion were controverted by counter-affidavits, filed on behalf of the plaintiff.

The Court, without proceeding first, in any way, to ascertain the facts, made an order setting aside the rule, and the plaintiff appealed.

*Smith* for the appellant.
*No Counsel* for the appellee.

RODMAN. J.    There is no finding of any facts in this case upon which this Court can act, and so far as we can see, the controversy is altogether one of fact. Biggs, creditor of Benjamin Leggett alleges that John B. Leggett, executor of said Benjamin was authorized by the County Court of Martin, to sell certain lands of his intestate, that he reported a sale to his brothers, Joseph and William, and was about to make a title to them without the payment of the price, he and they being insolvent.

The executor and the purchasers deny this and they say they purchased fairly and have paid the full price.

The Judge without either finding himself that they had not paid, or submitting issues to a jury in order that the disputed

facts might be proved, orders the purchasers to pay the money into Court, and in their default that the land be again sold.

Clearly this order should not have been until the facts in controversy had been ascertained in some way.

Judgment reversed and case remanded to be proceeded in according to law.   Let this opinion be certified.

PER CURIAM.                    Judgment reversed.