JOHN G. CHASTEEN v. WILLIAM P. MARTIN.

*Practice—Issue joined—Waiver of Jury Trial—Judge of Superior Court.*

On the trial of a civil action a jury were sworn and impaneled and issues framed, but no evidence adduced on either side, and the jury were discharged without verdict; *Held,*

(1) That the parties stood at issue on the pleadings just as they were before the jury were sworn.

(2) That in such case the judge has no right to pass upon the issues, except upon a waiver of jury trial in accordance with section 240 of the code of civil procedure.

Remarks of DILLARD, J., upon the rule which formerly obtained in equity practice.

(*Leggett* v. *Leggett*, 66 N. C., 420; *Baldwin* v. *York*, 71 N. C., 463; *Erwin* v. *Lowery*, 64 N. C., 321, cited and approved.)

CIVIL ACTION tried at Spring Term, 1878, of CHEROKEE Superior Court, before *Schenck, J.*

The plaintiff claims that one John M. Martin, being the owner of a certificate of purchase, No. 101, third district of Cherokee lands, and having paid the purchase money to the state, transferred the same to one Standridge, who afterwards assigned the same to him. It is averred that the defendant, well knowing of the transfer to the said Standridge, purchased of John M. Martin the same tract of land, and by some means procured the state to issue a grant to him therefor in his own name, under which he now holds possession, and refuses on demand of the plaintiff to convey to him, or in any manner to recognize him as having a just claim; and thereupon judgment is prayed that defendant may be declared a trustee and compelled by a proper deed to convey said tract of land to him.

To this claim of the plaintiff the defendant answers:

1. He admits the payment of purchase money and assign-

ment of the certificate of purchase, No. 101, by John M. Martin to Standridge, and he avers that said Martin at the same time owned and had paid for another certificate of purchase, No. 101, and that he transferred both of the certificates, not for any consideration paid him by Standridge, but merely as an indemnity against loss by reason of his being surety for him to one Rogers.

2. He alleges that Standridge had to pay as surety of John M. Martin to Rogers the sum of two hundred and eighty dollars.

3. That Standridge went into possession of the tract covered by certificate No. 101, and procured a state grant therefor, the same being worth much more than the sum paid as surety for John M. Martin.

4. That John M. Martin kept the possession of the tract covered by certificate No. 101, being the one which is sued for in this action, and sold it to this defendant, who before he made purchase called on Standridge, and by him was told that he had no claim to it, and advised defendant to buy it if he wished; and thereupon he purchased for value and procured a grant from the state, and ever since has occupied the same, holding adversely to all the world.

5. That plaintiff has never purchased the land at all, but has merely agreed to pay some inconsiderable sum in the event he shall be able to recover; and he avers that the same was not *bona fide*, but of purpose to enable plaintiff to annoy defendant with a law-suit.

6. Defendant alleges that plaintiff had full notice of all these facts at the time he pretended to purchase or contract with Standridge.

7. Defendant avers that Standridge is fully indemnified in the tract for which he got a grant, and has never claimed the tract sued for in this action; and if he is not indemnified, the defendant offers to pay any sum that may remain unpaid.

To the answer of the defendant, the plaintiff filed a reply denying each and every article of the answer separately. After issues of fact were joined in the pleadings, His Honor, Judge Furches (then presiding) settled the issues to be passed on by the jury, and the cause was continued; and at the next term of the superior court the cause coming on to be tried, the case of appeal states that His Honor drew up other issues; the jury were sworn and impaneled, and neither side offered any evidence to the jury; and the issues were not submitted to the jury because neither party offered any evidence upon them. Thereupon the case was considered upon the pleadings and judgment was rendered in favor of the plaintiff, from which the defendant appealed.

*Messrs. Battle & Mordecai* for the plaintiff.

*Messrs. A. T. & T. F. Davidson* and *Reade, Busbee & Busbee,* for defendant.

DILLARD, J. (After stating the case.) From a mere perusal of the pleadings it is apparent that various issues of fact were joined by the parties, which had to be determined in some way, either by a jury or by the judge on a waiver of a jury, before any judgment could be pronounced in conformity to the procedure prescribed in such a case, or which could reach the merits of the controversy. For example, the plaintiff sets up an equity to have the defendant declared a trustee of his legal title under the grant from the state, for his benefit, and to have a deed executed to him, on the ground that he bought the certificate of purchase, No. 101, from Standridge for value and *bona fide;* and defendant by his answer denies the consideration and the *bona fides;* and the plaintiff by his reply took issue on these facts.

The plaintiff in further maintenance of his equity to have title, alleged that Standridge from whom he bought was

himself an assignee of John M. Martin, under whom the defendant also claims for value and as the purchaser of an absolute interest; and by the answer the purchase by Standridge is denied, and it is alleged that the assignment to him was a mere security against loss as surety of John M. Martin to Rogers, and not as a purchase; and by the reply issue is taken on these facts.

It is alleged that defendant bought of John M. Martin, and by some means procured the grant of the state to be issued to him, well knowing that John M. Martin had previously transferred the same certificate of purchase to Standridge to whose rights the plaintiff claimed to be entitled; and by the answer it is denied that the transfer had been made, except as a security against loss as surety to Rogers, and the defendant avers that he purchased and procured title from the state with the assent of Standridge, who then made no claim on the tract, and of all this the plaintiff had full knowledge before his pretended purchase; and a reply being filed denying these facts, an issue was joined as to them likewise.

Besides these, there are other issues of fact joined in the pleadings, and being so joined, it was the right of the parties to have the same tried by a jury, unless that right was waived as prescribed by law.   C. C. P., §§ 224, 240.

The record states that the jury were sworn and impaneled, and issues were framed, but no evidence being adduced on either side, no verdict of the jury was found.   Thereupon the parties stood at issue on the pleadings just as they were before the jury were sworn.   The case recites that the cause was heard by His Honor on the pleadings, and on consideration thereof he adjudged in favor of the plaintiff. But there is no waiver of jury trial by the defendant, and no statement of facts on which the judgment was based. And on the appeal as it comes up, it can only be seen that after a discharge of the jury without verdict on the issues

of fact, His Honor without waiver of jury trial by the defendant assumed to try the issues himself, and without setting out the facts found pronounced judgment in favor of the plaintiff. This has been expressly ruled to be inadmissible. *Leggett* v. *Leggett*, 66 N. C., 420. If the answer of defendant had admitted the facts constituting the plaintiff's cause of action, the plaintiff might have moved for judgment on complaint and answer, but such is not the state of things in this case. If plaintiff without reply had moved for judgment on the ground that the answer was frivolous and irrelevant, that course would have been irregular, and he should have demurred. *Baldwin* v. *York*, 71 N. C., 463; *Erwin* v. *Lowery*, 64 N. C., 321.

It is argued, however, that the jury being discharged without a verdict on the facts, the case is in the same condition as a bill in equity, wherein the defendant by answer admitted the equity of the bill and set up matter of avoidance, and on replication taken, allowed the case to be brought on to hearing without proof of the matter of avoidance. In that case the rule was to decree for the plaintiff on the equity confessed, the matter of avoidance passing for naught, as defendant had a day to make proof and had failed to do so. But under the constitution and the code all distinction between actions at law and suits in equity being abolished, and there being now but one form of action, the judge does not try and pass on facts put in issue on the pleadings. It is the constitutional right of the parties, as well as the statutory provision that such issues shall be passed on by a jury, except upon a waiver of that right as expressed in section 240 of the Code. And no such waiver appearing, His Honor could not try the issues joined in this case. There is error. Judgment of the court below reversed, and this will be certified that a new trial may be had.

Error.                                        *Venire de novo.*