NOTE. See *U. S.* v *Hewitt.* 11 FED. REP. 243.

---

## UNITED STATES *v.* WINSTEAD and another.

*(District Court, W. D. North Carolina.   April Term, 1882.)*

1. JUDGMENT—ON FORFEITED RECOGNIZANCE.
    A judgment upon a forfeited recognizance of bail is *absolute*, and is not a judgment *nisi*.

2. RECOGNIZANCE—JOINT JUDGMENT—REVIVAL AGAINST REPRESENTATIVES.
    Where the judgment on a recognizance was joint as against the principal and sureties, and the principal dies, a *scire facias* will issue to revive the judgment as against the representatives of deceased, and on its return the question of remission of the penalty will be considered.

At the last term of the court W. H. Winstead failed to appear and answer to a criminal prosecution, and judgment was entered against him and his surety on a forfeited recognizance of bail. Upon this judgment a *scire facias* was issued to the parties, to show cause why execution should not be issued. At this term the surety filed a plea stating that the defendant had died before the service of the *scire facias*, and the surety now asks to be discharged from his liability as bail.

*James E. Boyd*, Dist. Atty., for the United States.

*Keogh & Barringer*, for defendants.

DICK, D. J. The entry of judgment *nisi* in this case at the last term was irregular. *State* v. *Smith,* 66 N. C. 420. A judgment *nisi* is one that is to be valid unless something else should be done within a given time to defeat it. When a witness is duly summoned to appear at court and fails to do so, a judgment *nisi* may be entered for the penalty imposed by law for such default; and upon being served with a *scire facias* he may show cause at a future day why the judgment *nisi* shall not be made absolute. If the witness should die before such judgment is made absolute, the proceeding abates and cannot be revived against his personal representative.

A recognizance duly entered into is a debt of record, and the object of a *scire facias* is to notify the cognizor to show cause, if any he have, wherefore the cognizee should not have execution of the same thereby acknowledged. *State* v. *Mills,* 2 Dev. & Bat. 552.

The recognizance is in the nature of a conditional judgment, and the recorded default makes it absolute, subject only to such matters of legal avoidance as may be shown by plea, or such matters of relief as may induce the court to remit or mitigate the forfeiture. The death of a principal, after such default and before the service of a *scire facias,* does not entitle the bail as a matter of right to claim an *exoneretur.*

In criminal cases, where a recognizance of bail is entered into, the surety is considered in law as having the custody of his principal. He cannot commit his principal to prison for safe-keeping, but he may arrest him and deliver him up to an officer of the law at any time before the liability as bail has become fixed by a forfeiture judicially declared on failure to comply with the condition of the recognizance. For the purpose of making an arrest, the bail is invested with all the authority of an officer of the law, except in committing to prison, as he can have no *mittimus* from a committing magistrate. If the principal escapes into another state, the bail may pursue him by obtaining from the clerk of the court a duly-certified copy of the proceedings which show his liability as bail.

After default and an absolute judgment the bail has no power to make an arrest of his principal for the purpose of surrendering him in discharge of a liability fully incurred. The principal is not discharged from his liability for the alleged crime, but he can only be arrested by process from the court. When an arrest has been thus made and the principal has been tried, the court generally, as a matter of favor and indulgence, will remit or modify the liability of the bail.

In some states statute provisions have been made conferring on bail the power of arresting the principal, even after forfeitures, and surrendering him to the court before final judgment on a *scire facias*.

As the judgment in this case was joint, the execution must follow the judgment, and cannot be issued against a dead man's estate until his personal representative has had a day in court. I therefore direct a *scire facias* to be issued to the personal representative of the deceased principal, returnable to next term. When such *scire facias* has been duly served or returned, I will hear evidence and consider the question of remitting or modifying the forfeiture in accordance with the provisions of section 1020 of the Revised Statutes.