## Staunton.

### BOWLING V. COMMONWEALTH.

September 19, 1918.

1. BAIL AND RECOGNIZANCE—*Exoneration of Bail.*—Bail will generally be exonerated from liability where the performance of the conditions of the recognizance are rendered impossible by (1) the act of God, (2) the act of the law, or (3) the act of the obligee.

2. COURTS—*Conflict of Jurisdiction Between State and United States Court.*—Where the State court and United States court both have jurisdiction of a person accused of crime, the tribunal that first takes jurisdiction retains it to the exclusion of the other, until its duty with respect to the matter has been fully discharged and the jurisdiction exhausted. The rule applies both to civil and criminal cases.

3. PRISONS AND PRISONERS—*Conflict of Jurisdiction Between State Courts and Courts of the United States.*—If a person is in the actual custody of the United States for a violation of its laws, no State can by *habeas corpus,* or any other process, take such person from the custody of the federal tribunal or officer. So, on the other hand, a person in custody under the process or authority of a State, is by express enactment, beyond the reach of the federal courts or judges. Judiciary act, section 14; act March 2, 1833, section 7; 4 Stat. at Large, 634.

4. BAIL AND RECOGNIZANCE—*Forfeiture—Discretion of Court.*—At common law our courts possessed and in proper cases exercised the power of sparing the recognizance before the same was adjudged to be forfeited and to decline to award a *scire facias* thereon. This rule has been extended and enlarged by statute so as to invest the courts with discretionary powers to meet the exigencies of particular cases by remitting the penalty in whole or in part, and rendering judgment on such terms and conditions as it deems reasonable. Code of 1904, section 4099.

5. BAIL—*Forfeiture—Case at Bar.*—In the instant case accused was indicted for a felony and entered into a recognizance with plaintiff in error as his surety. Accused failed to appear pur-

suant to the requirement of his recognizance. . The bail was guilty of no negligence whatever, and, without fault on his part, the Commonwealth's attorney, the representative of the State, with full knowledge of the facts, voluntarily suffered the principal to be taken out of the control of his bondsman by federal authority, by which act the latter was rendered powerless to produce the principal at the time and place of trial.

*Held:* That, in these circumstances, in the reasonable exercise of its discretionary power under the statute, the circuit court ought to have rendered judgment exonerating the plaintiff in error from liability upon the recognizance.

Error to a judgment of the Circuit Court of Floyd county, upon a judgment upon a writ of *scire facias* against a surety upon a bail bond.

*Reversed.*

The opinion states the case.

*John P. Lee,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *J. D. Hank, Jr., Assistant Attorney-General,* for the Commonwealth.

WHITTLE, P., delivered the opinion of the court.

At the April term, 1915, of the Circuit Court of Floyd county, Posey Griffith was indicted for a felony and entered into a recognizance in the penalty of $500, with plaintiff in error, J. W. Bowling, as his surety, conditioned according to law, for his appearance, etc., on July 15, 1915. Griffith failed to appear pursuant to the requirement of his recognizance and the same was forfeited. Thereupon, a writ of *scire facias* was issued against the parties, summoning them to appear before the circuit court on the first day of February term, 1916, to show cause why the Commonwealth should not have judgment against them for the

amount of the penalty of the bond. Upon that proceeding the judgment under review was rendered against the plaintiff in error.

The agreed facts are set out in a special plea filed by Bowling to the writ of *scire facias,* and are substantially as follows: Griffith was arrested by authority of the government of the United States in Franklin county, wherein he resided, in the western district of Virginia, upon a charge of felony committed after the date of the recognizance in question. For that offense he was indicted and tried in the District Court of the United States for the western district of Virginia, in the city of Roanoke, on June 24, 1915, and found guilty and sentenced to confinement in the Moundsville penitentiary, in the State of West Virginia, for the term of three years. So that, on July 17, 1915, the day on which he was recognized to appear before the Circuit Court of Floyd county, he was in the custody of the United States authorities serving a term in the federal penitentiary. These facts were known to the Commonwealth's attorney of Floyd county, who made no effort to maintain the superior right of the State of Virginia to the custody of the prisoner on the ground that the State court had first acquired jurisdiction.

Stated generally, the rule is well established that bail will be exonerated from liability where the performance of the conditions of the recognizance are rendered impossible by (1) the act of God, (2) the act of the law, or (3) the act of the obligee. *People* v. *Bartlett,* 3 Hill (N. Y.) 570; *Way* v. *Wright,* 46 Mass. (5 Metc.) 380; *State* v. *Allen,* 21 Tenn. (2 Humph.) 258; *Mix* v. *People,* 26 Ill. 32; *Taylor* v. *Taintor,* 83 U. S. (16 Wall.) 366, 21 L. Ed. 287; *Caldwell* v. *Commonwealth,* 14 Gratt (55 Va.) 698.

The proposition is also firmly established that where the State court and United States court both have jurisdiction of a person accused of crime, the tribunal that first takes

jurisdiction retains it to the exclusion of the other, until its duty with respect to the matter has been fully discharged and the jurisdiction exhausted. The rule applies both to civil and criminal cases. *Freeman* v. *Howe,* 65 U. S. (24 How.) 450, 16 L. Ed. 749; *Buck* v. *Colbath,* 70 U. S. (3 Wall.) 334, 18 L. Ed. 257; *Taylor* v. *Taintor, supra; Ex parte Crouch,* 112 U. S. 178, 5 Sup. Ct. 96, 28 L. Ed. 690; Many other cases to the same effect might be cited.

So also, in *United States* v. *VanFossen,* 1 Dill. 406, 411, Fed. Cas. No. 16,607, it is said: "If a person is in the actual custody of the United States for. a violation of its laws, no State can by *habeas corpus,* or any other process, take such person from the custody of the federal tribunal or officer. So, on the other hand, a person in custody under the process or authority of a State, is by express enactment, beyond the reach of the federal courts or judges. Judiciary act, section 14; act March 2, 1833, section 7; 4 Stat. at Large 634; *Ex parte Dorr,* 3 How. (44 U. S.) 103, 105, 11 L. Ed. 514; *United States* v. *French,* 1 Gallison 1, Fed. Cas. No. 15, 165; *Ex parte Forbes,* Dill. 363, Fed. Cas. No. 4, 921."

At common law our courts possessed and in proper cases exercised the power of sparing the recognizance before the same was adjudged to be forfeited and to decline to award a *scire facias* thereon. The rule is illustrated by *Craig's Case,* 6 Rand. (27 Va.) 731, where the principal was prevented by sickness from appearing in discharge of his recognizance. This rule has been extended and enlarged by statute so as to invest the courts with discretionary powers to meet the exigencies of particular cases by remitting the penalty in whole or in part, and rendering judgment on such terms and conditions as it deems reasonable. Code, section 4099.

In *Caldwell's Case, supra,* at the time Caldwell was required to appear in discharge of his recognizance he was serving a term in the State penitentiary for another felony

of which he had been convicted by the Commonwealth of Virginia. And this court, in an opinion delivered by Moncure, J., in which all the judges concurred, reversed the judgment of the circuit court and held that the prisoner's confinement in the penitentiary rendered it impossible for him to appear at the court in accordance with the requirement of his bond; which fact, under the circumstances, constituted a good defense for the bail to the *scire facias.* It will be observed that the Commonwealth of Virginia, the obligee in the recognizance, in that case, by the subsequent arrest and conviction and imprisonment of the principal for another felony, had rendered his compliance with the condition of his recognizance impossible, so that it was estopped to enforce a forfeiture of its own creation.

In *Taylor* v. *Taintor, supra,* Mr. Justice Swayne, delivering the opinion of the court (16 Wall. 369, 21 L. Ed. at p. 290), observes: "If the principal is arrested in the State where the obligation is given and sent out of the State by the Governor, upon the requisition of the Governor of another State, it is within the third" (the act of the obligee). "In such cases the Governor acts in his official character, and represents the sovereignty of the State in giving efficacy to the Constitution of the United States and the law of Congress. If he refuse, there is no means of compulsion. But if he act, and the fugitive is surrendered, the State whence he is removed can no longer require his appearance before her tribunals, and all obligations which she has taken to secure that result thereupon at once, *ipso facto,* lose their binding effect. The authorities last referred to proceed upon this principle." *Kentucky* v. *Dennison,* 65 U. S. (24 How.) 66, 16 L. Ed. 717.

So, in *Re James* (Circuit Court of the U. S. for the western district of Missouri), 18 Fed. 853, it was held, that the removal of a prisoner by a court of competent jurisdiction beyond the control of his bondsman, rendering

him unable to produce his principal at the time and place set for trial, constituted a defense to a suit on the bond.

The case in judgment is controlled by the foregoing authorities, including *Caldwell's Case, supra.* The bail was guilty of no negligence whatever, and, without fault on his part, the Commonwealth's attorney, the representative of the State, with full knowledge of the facts, voluntarily suffered the principal to be taken out of the control of his bondsman by federal authority, by which act the latter was rendered powerless to produce the principal at the time and place of trial. We are of opinion that in these circumstances, in the reasonable exercise of its discretionary power under the statute, the circuit court ought to have rendered judgment exonerating the plaintiff in error, J. W. Bowling, from liability upon the recognizance.

The judgment must, therefore, be reversed, and this court will enter judgment for the plaintiff in error.

*Reversed.*