# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## Jordan v. Commonwealth.   No. 938.

### January 18, 1923.

1. BAIL AND RECOGNIZANCE—*Status of Bail—Forfeiture of Recognizance.*— Bail are the private jailers of the prisoner and have legal custody of him, and may surrender him at any time before default in discharge of their recognizance; but if they permit him to leave the State, or for any other reason within their control he fails to appear in accordance with the terms of his recognizance, the recognizance becomes forfeited. .

2. BAIL AND RECOGNIZANCE—*Forfeiture of Recognizance—When Bail Discharged—Act of God—Impossibility.*—The bail, however, will be discharged if it is impossible to produce the prisoner by reason of the act of God, or of the law, or of the obligee, and this fact is made to appear at the proper time.

3. BAIL AND RECOGNIZANCE—*Judgments and Decrees—Judgment on Recognizance—Judgment on Recognizance Rendered at Former Term—Power of Court Over Judgment—Case at Bar.*—In the instant case plaintiff in error was asking relief from a judgment rendered against him as surety in a recognizance at a former term of the court. It was conceded that the judgment on the *scire facias* was a final judgment and that the term at which it was rendered had adjourned, and that the trial court had no further power over the judgment unless such power was conferred by some statute. The trial court did not pass on the merits of the case, but denied relief solely on the ground that it had no control over the final judgment on the *scire facias* which had been entered at a former term.

   *Held:* That in this there was no error.

4. BAIL AND RECOGNIZANCE—*Judgment on Recognizance Rendered at Former Term—Power of Court Over Judgment—Section 4980 of the Code of 1919.*—The discretion vested in the trial court by section 4980 of the Code of 1919, providing that when in an action or *scire facias* on a recognizance the penalty is adjudged to be forfeited the court may on application remit the penalty, is limited to cases in which there is a pending action or *scire facias* on the recognizance which has been forfeited, and does not extend to cases in which final judgment has been entered in the action or *scire facias*. In the latter class of cases the recognizance, as such, no longer remains in court.

Error to a judgment of the Corporation Court of the city of Newport News, in an application for relief from judgment rendered in *scire facias* on bail. Relief refused, and applicant assigns error.

*Affirmed.*

The opinion states the case.

*J. Winston Read,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

On May 31, 1919, the Corporation Court of the city of Newport News rendered judgment against the plaintiff in error, as surety in a recognizance, for $1,000.00 and the costs. Neither the recognizance, nor any of the proceedings thereon resulting in the judgment are made a part of the record in this case; nor is any complaint made thereof. We must assume, therefore, that they were regular. At a subsequent term of the court the plaintiff in error applied to said court for relief from said judgment, based on the following notice:

"To C. C. Berkeley, attorney for the Commonwealth:

"You are hereby notified that on the 29th day of September, 1919, or as soon thereafter as I can be heard, I shall move the Corporation Court for the city of Newport News, Virginia, for relief from the judgment entered on the recognizance forfeited against John Jordan and Lillian Parrish, amounting to the sum of one thousand dollars ($1,000.00), together with $64.70 costs, for the reason that the said Lillian Parrish, against whom was a charge of felony and who departed

36

from the State without leave of court, was brought back to trial through the efforts of the said John Jordan, who was surety in said recognizance; and the said Lillian Parrish is now in jail awaiting her trial.

"In the alternative, the said John Jordan will ask the court to suspend further proceedings on said judgment and execution until the trial of the said Lillian Parrish is had.

"Respectfully,

"John Jordan,

"By J. Winston Read, Attorney."

The attorney for the Commonwealth demurred to the notice and moved to reject the application, and, by an order entered July 28, 1921, the court sustained said demurrer and rejected the application. To that judgment a writ of error was awarded, and we are asked to reverse the judgment.

[1, 2] It is conceded that the judgment on the *scire facias* was a final judgment, and that the term at which it was rendered had adjourned. But it is contended for the plaintiff in error that, notwithstanding this fact, the trial court had power, by virtue of its common law jurisdiction, or else by statute, to remit the penalty, in whole or in part, upon a proper showing of facts. The demurrer to the notice admitted the facts therein stated, if well pleaded, but denied their sufficiency in law to warrant the relief therein prayed. Bail are the private jailers of the prisoner and have legal custody of him, and may surrender him at any time before default in discharge of their recognizance, but if they permit him to leave the State, or for any other reason within their control he fails to appear in accordance

with the terms of his recognizance, the recognizance becomes forfeited. The bail, however, will be discharged if it is impossible to produce the prisoner by reason of the act of God, or of the law, or of the obligee, and this fact is made to appear at the proper time. Beale's Crim. Pl. & Pr., secs. 39-42; *Taylor* v. *Taintor*, 16 Wall. 366, 21 L. Ed. 287; *Reese* v. *U. S.*, 9 Wall. 13, 19 L. Ed. 541. The plaintiff in error relies chiefly on what he terms the common law jurisdiction of the court, and cases decided by Federal courts construing the Federal statute on the subject.

In England, the recognizance when forfeited became a money obligation to the Crown, but the trial court in which the default was recorded had no power to render judgment for the amount. The forfeited recognizance was estreated, or removed, to the court of exchequer, which was given certain power over it of release or discharge in whole or in part. But the exchequer could not compel the estreatment, and in the course of time the trial courts refused to estreat them but retained them, and, in what they regarded as proper cases, spared or discharged them. As we have no exchequer court, this practice never prevailed with us and from an early day this subject has been regulated in this and other States by statute. Independently of statute a common law action could be brought on the recognizance, and the proceeding would be similar to such an action on any other obligation with a condition, and with a right to make proper defenses, but at no time has any power been conferred on the courts to alter, amend or discharge the judgment thereon after it became final.

In *United States* v. *Feely*, 1 Brock. 255, Fed. Cas. No. 15082, Marshall, Chief Justice, on circuit, after giving the history of the proceedings in England, says:

"In the United States, there is no separate court of exchequer; and recognizances are put in suit in that court in which they are originally filed. They are never estreated. The power which the courts of law in England exercise on the question, whether a recognizance shall be estreated or not, is exercised after default, and *continues as long as the recognizance remains in court.* It is dependent on the discretion of the court, and, according to Hawkins, is applied in relief of the cognizor, if the person who has forfeited it shall appear at the next succeeding term and take his trial. The same power existing in this court may, it would seem, as in England, be exercised *so long as the recognizance continues in court.* If, *when the default was recorded,* it had been shown to the court that the accused was in the custody of the law, then, according to the case in 11th Mod., the court might have extended the recognizance. * * (Italics supplied.)

"Upon authority, then, it appears that, entirely independent of the statute, the courts of England exercise the power which this court is now required to exercise."

This is the common law power referred to by the plaintiff in error. But the *Feely Case* was a proceeding on the recognizance itself, and before any judgment had been rendered thereon. The case is no authority for granting relief after final judgment. The opinion has been often quoted and followed, and in some cases even after final judgment on the recognizance, but it furnishes no authority for the latter.

In *United States* v. *Traynor* (D. C.), 173 Fed. 114, it was held that relief against a Federal recognizance could be granted by the court in which the recognizance was taken, even after final judgment had been entered, but the holding is based almost entirely upon

the language of section 1020, U. S. Rev. St. (U. S. Comp. St. §1684), which declares that the penalty may be remitted, "whenever it appears to the court that there has been no wilful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced." Great stress is laid upon the word "whenever;" the court regarding it as a broad and unrestricted term, and extending the power over the recognizance as well after the final judgment as before. The only direct authority relied upon by the district judge was *United States* v. *Duncan*, Fed. Cas. No. 15,004, hereinafter referred to, but it is admitted in the opinion of the district judge that it was held by the same court in the later case of *United States* v. *Barger* (C. C.), 20 Fed. 500, by implication at least, that the judgment could not be set aside after the adjournment of the term at which it was entered. It is conceded also that the opinion of Attorney-General Cushing was to the contrary.

In *United States* v. *Jenkins*, 176 Fed. 672, 100 C. C. A. 224, 20 Ann. Cas. 1255, it was also held that the judgment on a recognizance might be set aside by the court which rendered it after the term at which such judgment became final, but here, again, the decision is rested mainly on the language of the Federal statute above mentioned. A number of Federal cases are also cited in the opinion, but it appears from the opinion that they either do not apply to final judgments, as a rule, or are rested upon the language of the Federal statute. For instance, in *United States* v. *Duncan*, 25 Fed. Cas. 937, No. 15,004, it is admitted that there was nothing in the record in that case to show precisely when the application was made, though from certain facts stated the implication was that the application was

after the adjournment of the court at which the judgment was rendered. In *United States* v. *McClashen* (C. C.), 66 Fed. 537, it was simply held that the United States circuit court had no jurisdiction of a recognizance which had been forfeited in the district court. In *United States* v. *Santos*, Fed. Cas. No. 16,222, it is admitted that it does not appear whether or not the term at which default was made had expired before application for relief was made by the surety. In *United States* v. *Mercer*, Fed. Cas. No. 15,758, it is admitted that it does not appear when the application was made. In *United States* v. *Winstead* (D. C.), 12 Fed. 50, it was admitted that there was nothing in the record to indicate the term at which judgment was entered. In *United States* v. *Robinson*, 158 Fed. 410, 85 C. C. A. 520, it is conceded that the question as to when application should be made for relief was not determined. The case of *Board of Education* v. *Moody*, 74 N. C. 73, was also cited, but that case was decided under a special statute of North Carolina.

In addition to what has been said about the cases cited in support of the majority opinion, in *U. S.* v. *Jenkins, supra,* the case was decided by a court composed of three judges and there was a strong dissenting opinion by McDowell, J., in which he takes the view that even under the Federal statute the judgment could not be set aside after the adjournment of the term at which it was rendered. In commenting upon section 1020 of the revised statutes, above mentioned, he says, amongst other things: "The language 'may remit the whole or a part of the penalty,' used in the statute, is appropriate if relief granted prior to judgment on the *scire facias* was intended, and is very inappropriate as applied to relief granted after the term of rendition of judgment on the *scire facias*. If the intent were to

authorize relief after the end of the term at which final judgment had been rendered, the only appropriate language would be 'may vacate or set aside, in whole or in part, the judgment.' "

The case at bar, however, arises under the law of this State, and must be decided in accordance therewith.

It is conceded that the May term, 1919, of the court had ended sometime before this proceeding was instituted. The judgment on the *scire facias* on May 31, 1919, was a final judgment and the trial court had no further power over it, unless such power was conferred by some statute. *Allen* v. *Commonwealth*, 114 Va. 826, 77 S. E. 66; *Harley* v. *Commonwealth*, 131 Va. 664, 108 S. E. 648; *Thaniel* v. *Commonwealth*, 132 Va. 795, 111 S. E. 259. The plaintiff in error claims relief under section 4980 of the Code. That section is as follows: "When in an action or *scire facias* on a recognizance the penalty is adjudged to be forfeited, the court may, on an application of a defendant, remit the penalty or any part of it and render judgment on such terms and conditions as it deems reasonable." In order to clearly understand and appreciate the language of the statute, it is necessary to advert briefly to the mode of procedure in this class of cases. The recognizance fixes a day and place for the principal to appear, and at that time and place the principal is called, and if he fails to appear his default is recorded and the recognizance is said to be forfeited. Thereafter an action may be brought, or a *scire facias* may be sued out, on the recognizance. In response to either, the defendants may show cause why judgment should not be entered against them on the recognizance. This is the proceeding to which the statute applies. "The penalty is adjudged to be forfeited," when the default is recorded, and when "an action of *scire facias* on the recognizance" is brought,

"the court may, on an application of a defendant," in that action or *scire facias*, "remit the penalty or any part of it and render judgment," etc. The statute by plain intendment, contemplates the remission of the penalty, in whole or in part, if at all, before judgment. Plainly this statute confers no power to remit any part of the penalty, except in an action or *scire facias* on the recognizance, and it is equally plain that it confers no power or jurisdiction over the judgment rendered after the adjourment of the term at which it is rendered.

We have had a few cases arising under the statute, but none of them involved the precise question now under consideration. In *Commonwealth* v. *Craig*, 6 Rand. (27 Va.) 731, the recognizance was to appear and answer an indictment for a felony. The accused failed to appear and his default was recorded. There was thereupon awarded a rule against the principal and his surety to show cause why a *scire facias* should not be awarded against them. In response to the rule the sureties offered to prove that the accused had been rendered unable to attend in accordance with his recognizance because of wounds he had received in a fight. The question was adjourned to the general court to determine whether under these circumstances the sureties ought to be discharged. The general court said:

"It appears clear that the courts of oyer and terminer have the right, at any time before a recognizance is *estreated*, either to estreat or spare it. This is a discretion vested in them for the obvious purpose of remitting the obligation in a hard case. Estreats are, strictly speaking, not known in this State, but by analogy to the practice in England, the courts here have certainly the power to spare the recognizance, at least, at any time before the *scire facias* awarded. If the court of Montgomery (from which the question was

adjourned) was satisfied, by competent evidence, that the recognizor was disabled by his wounds from attending the court, it is reasonable and just that his misfortune should not be visited upon him and his sureties; particularly as, by his appearance afterwards, the ends of public justice will be answered: and in such case, the court ought not to award any *scire facias* against them."

In *Caldwell* v. *Commonwealth*, 14 Gratt. (55 Va.) 698, after the recognizance had been entered into and before the date appointed for the accused to answer, he was arrested, tried, and convicted and sentenced to the penitentiary in another case, and at the appearance day he was unable to appear because he was serving his term in the penitentiary. Afterwards, and before judgment on the *scire facias* against his surety, his time under his sentence expired, and he was sent back to the jail of the county in which he was to appear for trial, and was tried and acquitted. These facts were set up by the surety in the recognizance in answer to the *scire facias* which was sued out thereon, and it was held that the surety was entitled to his discharge as the failure of the principal to answer at the appearance day was the result of an act of the cognizee—the State.

In *Bowling* v. *Commonwealth*, 123 Va. 340, 96 S. E. 739, while the accused was out on a recognizance to answer for an offense against the State, he was arrested, tried and convicted in the Federal court, and at the return day of the recognizance was serving a term in the Federal penitentiary. The attorney for the Commonwealth of the county in which the accused was held for trial had full knowledge of all the facts and interposed no objection to the trial in the Federal court, but voluntarily suffered the accused to be taken out of the control of his bondsmen by Federal authorities, in consequence of which his bondsmen were rendered powerless

to produce the principal at the time and place required by the recognizance. It was held by this court "That in these circumstances in the reasonable exercise of its jurisdictional power under the statute the circuit court ought to have rendered judgment exonerating the plaintiff in error (the surety) from liability upon the recognizance." The defense was made in answer to a *scire facias* sued out against the surety upon the recognizance.

[3, 4] In the case at bar, the trial court did not pass on the merits of the case, but denied relief solely on the ground that it had no control over the final judgment on the *scire facias* which had been entered at a former term of the court. In this there was no error. While it is true that "the object of a recognizance is not to enrich the treasury, but to combine the administration of criminal justice with the convenience of a person accused" of crime, the orderly administration of justice requires that excuses for the non-appearance of a principal in a recognizance shall be made at the time prescribed by law. The conditional obligation of the recognizance became an unconditional money judgment in favor of the State when final judgment was entered on the *scire facias*, and the trial court had no further jurisdiction over it. The discretion vested in the trial court by section 4980 of the Code was limited to cases in which there was a *pending* "action or *scire facias* on a recognizance" which had been forfeited, and was not extended to cases in which final judgment had been entered. In the latter class of cases the recognizance, as such, no longer remains in court.

The judgment of the trial court must, therefore, be affirmed.

*Affirmed.*