## Corn *v.* State

No. 43049          October 26, 1964          168 So. 2d 304

*Barnett, Montgomery, McClintock & Cunningham,* Jackson, for movant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for movee.

Kyle, P. J.

## ON MOTION OF SURETY ON BAIL BOND TO SET ASIDE JUDGMENT NISI

William Harrison Corn was indicted, tried and convicted in the Circuit Court of Hancock County on a charge of felonious possession of burglary tools and was sentenced to serve four years in the state penitentiary. From that judgment he prosecuted an appeal to this Court, and executed an appearance bond in the amount of $5,000 with United Bonding Insurance Company as surety, and was released from custody. The appeal was heard by this Court at the March 1964 Term, and on

June 1, 1964, a judgment was entered affirming the
judgment of the lower court. See Corn v. State, No.
43,049, 164 So. 2d 777. The appellant Corn having been
called in open court on the appearance bond came not,
but wholly made default. Neither did he surrender him-
self to the Sheriff of Hancock County, as required by
law; whereupon United Bonding Insurance Company,
surety on the appellant's appearance bond, was solemn-
ly called in open court to produce the body of the ap-
pellant, as by its bond it was required to do, but it too
came not, but wholly made default. A forfeiture was
duly taken against the appellant and the United Bond-
ing Insurance Company, surety on his appearance bond;
and a judgment nisi for the sum of $5,000, the amount
of its undertaking, was entered against the surety. It
was further ordered by the court that a writ of scire
facias be issued commanding said surety to appear be-
fore the court on the second Monday of September 1964,
to show cause, if any, why said judgment should not
be made final, and that a capias pro finem be issued
to the Sheriff of Hancock County commanding him
to take the appellant Corn into custody and keep him
in custody to abide by the judgment of the court. The
writ of scire facias was duly issued and served on the
surety on August 20, 1964. The sheriff's return on the
capias showed that the appellant could not be found in
the county.

On the return date of the writ of scire facias a motion
was filed by the attorneys for the appellant Corn and
United Bonding Insurance Company, surety on his ap-
peal bond, for an order setting aside the judgment nisi
theretofore entered against the surety on the ground that
the appellant Corn had been arrested in the State of
Georgia, on February 13, 1964, and committed to the
Fulton County jail on criminal charges preferred against
him in the Criminal Court of Fulton County and the
Superior Court of said county; that on March 5, 1964,

the appellant had been sentenced by the criminal court of said county to twelve months imprisonment; that on April 1, 1964, the appellant had been tried and convicted in the Superior Court of said county on charges of felony and had received sentences of imprisonment of five and ten years, and on April 9, 1964, had been transferred from the county jail to the Georgia State Prison at Reidsville, Georgia, to serve said sentences. These facts were shown by a letter from T. Ralph Grimves, sheriff of Fulton County, Atlanta, Georgia a photostatic copy of which it attached to the appellant's amended motion and made a part thereof.

In their motion to set aside the judgment nisi the attorneys for the appellant Corn and the surety on his appearance bond have asked (1) that the judgment nisi heretofore entered in this cause be set aside, or in the alternative, (2) that the judgment nisi be abated until such time as the said Corn may be released and discharged from the Georgia State Prison. The attorneys in their brief have cited several cases from other jurisdictions in support of their request that the judgment nisi be set aside or in the alternative stayed until such time as the appellant Corn may be released from the Georgia State Prison.

In discussing the subject of forfeitures on bail bonds such as we have here, the textwriter in 8 Am. Jur. 2d 860, Bail and Recognizance, § 139, says: "If the surety on a bail bond fails to deliver his principal into the custody of the proper officer of the law, or to procure his attendance in court, as the bond requires, the liability of the surety for the penalty of the bond becomes absolute and the bond should be forfeited, unless the sureties can plead and prove facts excusing the liability. Where there is a breach of conditions of the bond, the court has a duty to declare a forfeiture and there is no duty on the part of the state to prove damages."

The only question that we have presented for our decision on this appeal is whether the surety on the appellant Corn's bail bond has shown a valid reason for its failure to have the appellant Corn appear to answer the judgment of this Court or surrender himself to the Sheriff of Hancock County on June 1, 1964.

■ ■ According to the overwhelming weight of authority in other jurisdictions, both state and Federal, the surety on an appeal bond is not entitled to be relieved of its obligation on such bond unless it can show that the performance of its undertaking has been rendered impossible or excusable (a) by an Act of God; (b) by an act of the obligee; or (c) by an act of law. State v. Pelley (1943), 222 N.C. 684, 24 S.E. 2d 635.

■ ■ The incarceration of the principal in a different jurisdiction for a second and different offense against the laws of that jurisdiction, even where the principal is prevented from appearing to answer his bail by such incarceration, does not exonerate the surety. This view is fortified by the great weight of authority, both in state and federal courts. Weber v. United States (1929), 32 F. 2d 110; and cases cited.

The facts pleaded by the surety in this case show that its principal, the appellant Corn, was prevented from appearing not by an Act of God, not by an act of the obligee, not by an act of law, properly viewed, but by reason of his own voluntary act, which rendered him amenable to the criminal laws of another jurisdiction.

■ ■ Corn's own conduct prevented the fulfillment of his obligation to surrender himself to the Sheriff of Hancock County, and for his default the surety obligated itself to pay the penalty in the bond. In our opinion no sufficient reason has been offered which would justify this Court in setting aside the forfeiture or in abating the judgment nisi. The liability of the surety for the penalty on the bond became absolute when the surety failed to deliver its principal into the

custody of the proper officer of the law or to procure his attendance in court. It is therefore ordered that the motion of the appellant Corn and his surety, United Bonding Insurance Company, to set aside the judgment nisi, or in the alternative to abate the judgment nisi, be overruled, and the judgment against the surety is hereby made final.

Motion to set aside judgment nisi, or in the alternative to abate judgment nisi, overruled, and judgment nisi made final.

*Gillespie, McElroy, Jones and Brady, JJ.*, concur.