JONES, Justice:
Richard Alvin Thomas was indicted in the February 1965 Term of the Circuit •Court of Harrison County for unlawfully and feloniously possessing- burglary tools. He had previously been released on bond signed by Henry Thomas Phillips, which bond required him to appear at the February 1965 Term to answer the charge. On February 15, 1965, Thomas made default, and judgment nisi was rendered on the bond. On April 16, one of the sureties on the bond, the appellant here, filed a motion to set aside the judgment, giving as reasons therefor: (1) that on or about January 17, 1965, Thomas was arrested and confined in Rankin County, Mississippi, on a charge •of burglary alleged to have been committed in Louisiana; (2) that officers from Louisiana came to Rankin County and the sheriff of said county surrendered custody ■of the principal to them, and defendant was removed from Mississippi to Louisiana and imprisoned during the February 1965 Term •of the Circuit Court of Harrison County; (3) that principal’s failure to appear in the •court of Harrison County was due solely to the act of the sheriff of Rankin County and the State of Mississippi, acting by and through the sheriff, in surrendering custody •of defendant to the Louisiana officers; .and, (4) that thereby the performance of the sureties’ obligation was rendered wholly impossible and they were therefore relieved •of their undertaking. After a hearing before the circuit judge, the motion to set •aside the judgment nisi was overruled and the judgment was made final. From this .action, appellant appeals to this Court. We affirm the case.
On hearing, it was shown without dispute that no extradition proceedings were had, but the principal Thomas voluntarily ■signed an instrument waiving extradition and agreeing that he might be returned to the State of Louisiana.
Extradition proceedings provide the regular and only course for returning one arrested for crime in a sister state, unless the principal voluntarily consents to return. 35 C.J.S. Extradition § 2 at 382 (1960).
The defense to forfeiture of a valid bond is the same for both the surety and the principal. 8 C.J.S. Bail § 97 at 274 (1962).
The sheriff of a county has no power to grant extradition to another state of one charged with crime. His only authority to deliver such a person to officers of a foreign jurisdiction derives either from a warrant of the governor issued in extradition proceedings or from the prisoner himself, if he voluntarily waives extradition proceedings and consents to be returned to such foreign jurisdiction.
The only official authorized to exercise the sovereignty of the state in such a proceeding and waive the right of the state to hold the prisoner for trial in this jurisdiction is the governor. It is the law in this type of case that the bail will be exonerated where the performance of the condition is rendered impossible by an act of God, an act of the obligee, or an act of law. The act of the governor in sending the principal from the state where the obligation is given to another state is an act of the obligee. Warren v. State, 179 So. 2d 181 (Miss.1965.)
In Corn v. State, 250 Miss. 725, 168 So.2d 304 (1964), the principal left Mississippi and traveled to Georgia where he was arrested, convicted and sentenced to imprisonment for a crime there committed. For this reason, he was unable to respond to his agreement contained in the bond to appear before a court of this state. There, we held:
“ * * * The facts pleaded by the surety in this case show that its principal, the appellant Com, was prevented from appearing not by an Act of God, not by an act of the obligee, not by an act of law properly viewed, but by reason of his own voluntary act, which rendered him ame *159 nable to the criminal laws of another jurisdiction.
“Corn’s own conduct prevented the fulfillment of his obligation to surrender himself to the Sheriff of Hancock County, and for his default the surety obligated itself to pay the penalty in the bond. In our opinion no sufficient reason has been offered which would justify this Court in setting aside the forfeiture or in abating the judgment nisi. * * *” 250 Miss, at 729, 168 So.2d at 306.
In the Warren case, supra, the principal was convicted in Mississippi. Before his required appearance before this Court on appeal, he was arrested by the sheriff of Harrison County as a fugitive from the State of Arkansas. Later, the State of Mississippi, acting by and through the Lt. Governor in the absence of the Governor, granted extradition of the principal to Arkansas. A writ issued from the governor to the sheriff of Harrison County directed him to deliver Warren to agents of the governor of Arkansas in order that he might be returned to that jurisdiction, which was done. It was specifically held there that this state having custody of the defendant sent him against his will to another jurisdiction so as to render it impossible for the sureties to perform their covenant. On these facts, the sureties were exonerated.
In the case of In re Beavers, 131 F. 366, 368 (C.C.1904), it was stated:
“ * * * Perhaps the true statement is this: It is within the power of a government, acting through the proper department thereof, to refuse to surrender either property or persons to another government while the administration of justice within its own borders demands their presence. Taylor v. Taintor, 16 Wall. 366, 21 L.Ed. 287. A state has full power to demand that a person arrested upon a civil or criminal process within its border shall remain amenable to its courts until there has been due administration of justice therein. But it will be observed that the exercise of this power is at the will of the state itself, expressed through its proper officers or tribunals, and that the person apprehended may not constrain such government, so having jurisdiction, to exercise its will, although for the purpose of preserving his bail from forfeiture, or to save other default, he or his sureties should resist any attempt of any government to remove him from the control of the jurisdiction to which he is primarily bounden. But if he has not done or suffered anything bringing him in default, or if the government first acquiring jurisdiction consents to his removal, and the defendant by removal is prevented from meeting his obligation to such government, he is no longer bound to respond. The rule of continuing obligation to the state having the person or thing in its actual or constructive control is not for the benefit of the defendant, but for the protection of public justice within that state. It is a right that it alone may assert, although it is clearly the duty of the defendant to ask it to assert such right, that his bond may be relieved in case of refusal or waiver. ‡ ‡ * >9
In Bowling v. Commonwealth, 123 Va. 340, 96 S.E. 739 (1918), exoneration was granted by the Supreme Court of Appeals, but it was held:
“ * * * The bail was guilty of no negligence whatever, and, without fault on his part, the commonwealth’s attorney, the representative of the state, with full knowledge of the facts, voluntarily suffered the principal to be taken out of the control of his bondsman by federal authority, by which act the latter was rendered powerless to produce the principal at the time and place of trial. * * * ” 96 S.E. at 740.
In Jones v. State, 112 Tex.Cr.R. 171, 15 S.W.2d 622, 623 (1929), the court, while *160 granting exoneration under a statute of that state, said: “In such case it must be shown tha the failure of the principal to appear arose from no fault on his part.”
In State of Nebraska v. Liakas, 165 Neb. 503, 86 N.W.2d 373 (1957), one of the cases cited by appellant, it was held that the removal of appellant from Nebraska to Iowa was without his approval or consent and without the approval or consent of the sureties.
As stated, the sheriff of Rankin County had no authority conferred from the State of Mississippi to deliver the principal to officers of Louisiana. The only authority granted to him was by Thomas, the principal, when he signed a waiver of extradition proceedings and agreed to voluntarily return to the State of Louisiana. The case is the same as if Thomas had gotten into a car alone, traveled to Louisiana, and surrendered to the officers of that state.
The case is affirmed.
Affirmed.
GILLESPIE, P. J„ and RODGERS, IN-ZER and SMITH, JJ., concur.