SUGG, Justice,
for the Court:
ON MOTION TO HOLD BOND FORFEITURE IN ABEYANCE
Robert Wood was convicted in the Circuit Court of Lee County on February 19, 1974 for violation of the Uniform Controlled Substances Act of 1971 and sentenced to serve one year in the county jail and pay a fine of $1,000 and all costs. His conviction was affirmed on November 3, 1975 and his petition for rehearing was denied December 8, 1975. Miss., 322 So.2d 462 (1975).
Sometime prior to the affirmance of Wood’s conviction by this Court he was indicted in the United States District Court for the Western Division of Tennessee on several counts of distribution of narcotics, *617 fire arms violation and possession with intent to distribute narcotics. On November 28, 1975 Wood was convicted on these charges and committed to the custody of the Attorney General for imprisonment for a period of eleven years.
Wood was delivered to the Shelby County Sheriff’s Department in Memphis, Tennessee on November 27, 1975 and incarcerated in the Shelby County jail until December 13, 1975. In the interim he was convicted as heretofore stated on November 28, 1975.
On December 13,1975 he was transferred to Brownsville, Texas to stand trial on other charges and subsequently transferred to the United States Penitentiary in Atlanta, Georgia on February 13, 1976 to serve his term for his conviction in the United States District Court for the Western Division of Tennessee.
On January 19, 1976 the state filed a motion for judgment nisi on Wood’s $5,000 appearance bond returnable to the Circuit Court of Lee County. Cecil Searcy and Ernest Webb were sureties on the bond.
Judgment nisi was taken on January 29, 1976 and defendant and his sureties were ordered to appear before this Court on the first Monday of March, 1976 to show cause, if any they could, why the judgment should not be made final. Thereafter Wood and his sureties filed a motion to hold the bond forfeiture in abeyance on the ground that Wood was incarcerated in the United States Penitentiary in Atlanta, Georgia and it was impossible for the sureties to surrender Webb to the authorities in Lee County.
The state responded to the motion and relied on Nix v. State, 213 So.2d 554 (Miss.1968); Phillips v. State, 185 So.2d 157 (Miss.1966) and Corn v. State, 250 Miss. 725, 168 So.2d 304 (1964). In these cases we held that the incarceration of a principal in a different jurisdiction for a different offense against the laws of that jurisdiction, even where the principal is prevented from appearing to answer his bail by such incarceration, does not exonerate the surety.
Following the decision in these cases the legislature enacted the Professional Bail Bond Act, Mississippi General Laws of 1968, effective August 6, 1968.
Mississippi Code Annotated section 83-39-7 (1972) provides in part as follows:
In the event of a final judgment of forfeiture of any bail bond written under the provisions of this chapter, the amount of money so forfeited by the final judgment of the proper court, less all accrued court costs and excluding any interest charges or attorney’s fees, shall be refunded to the bail bondsman or his insurance company upon proper showing to the court as to which is entitled to same, provided the defendant in such cases is returned to the sheriff of the county to which the original bail bond was returnable within twelve (12) months of the date of such final judgment, or proof made of incarceration of the defendant in another jurisdiction, and that “hold order” has been placed upon said defendant for return of said defendant to said sheriff upon release from the other jurisdiction, then the bond forfeiture shall be stayed and remission made upon petition to the court, in the amount found in the court’s discretion to be just and proper. A bail bondsman licensed under this chapter shall have a right to apply for and obtain from the proper court an extension of time delaying a final judgment of forfeiture if such bail bondsman can satisfactorily establish to the court wherein such forfeiture is pending that the defendant named in such bail bond is lawfully in custody outside of the State of Mississippi. (Emphasis supplied).
The passage of this legislation had the effect of modifying the rule announced in Corn and the cases following it, insofar as professional bondsmen are concerned, thus making our decisions in those cases applicable only to nonprofessional bondsmen. This renders the rule announced in those cases unfair, unjust and mischievous. For this reason, Corn and the other cases following it are hereby overruled, insofar as they hold that a bail bondsman is not entitled to an extension of time delaying final judgment when a bondsman can establish *618 to the satisfaction of the court that the defendant is in lawful custody in another jurisdiction. The defendant in this case is in lawful custody outside the State of Mississippi and the bondsmen are entitled to an extension of time delaying final judgment.
The state may file a detainer on Wood and insure that he will be held to serve the sentence imposed by the Lee County Circuit Court. It is the duty of the sureties to return him to Mississippi, or pay the expenses thereof, and if the defendant is not returned at the expiration of his Federal sentence, then forfeiture of the bond may be made final.
This case was considered by a conference of the justices en banc.
Motion to hold bond forfeiture in abeyance sustained.
All Justices concur.