SMITH, Presiding Justice,
for the Court:
Allied Fidelity Insurance Company, a corporation engaged professionally in writing bail bonds, has appealed to this Court in cases numbered 5890, 5941 and 5942 in the Circuit Court of Simpson County. In each of the cases the court declined to set aside a final judgment of forfeiture of bail bonds written by Allied. The single assignment of error in each of the cases is that the trial court erred in overruling appellant’s motion to set aside these final judgments of forfeiture.
The cases have been consolidated for the purposes of appeal by order of this Court and will be so considered.
Allied had made bail for one Claude L. Sant, Sr., by entering into bail bonds conditioned for his appearance on September 12, 1977 to answer three charges of false pretenses before the Simpson County Circuit Court. The principal sum in the bonds in each of the circuit court cases, numbers 5890 and 5942 was $10,000 and in the amount of $5,000 in circuit court case number 5941.
Sant failed to appear as required by his bond on September 12, 1977 and preliminary orders were entered by the court in each case, taking a forfeiture on each of the bonds. At the next term of the circuit court Sant again defaulted in each case by failing to appear and a final judgment of forfeiture was entered by the court in each case on March 13, 1978. The court term ended and court finally adjourned in April, 1978. There was no appeal by Allied. On June 16,1978 Allied moved the court to set aside or vacate the final judgments of forfeiture or in the alternative to modify them so as to grant Allied an additional thirty days within which to produce Sant. On June 19,1978 the circuit court judge undertook to grant the motions allowing Allied an additional thirty days in each case within which to produce Sant. This order was “approved” as to “form and content” by the District Attorney.
*861 On July 18, 1978, Allied made an oral motion to amend the order of June 19,1978 so as to grant Allied an additional thirty days in each case to produce and deliver Sant. The court entered another order granting Allied the requested additional thirty days. Sant was not produced within that time and Allied paid into the Simpson County Treasury the total amount of its obligations under the final judgments of forfeiture, that is, $25,000.
On April 10,1979 Sant was delivered into the custody of the Simpson County Sheriff. What part, if any, Allied played in the apprehension and delivery of Sant does not appear in the record.
Subsequently Allied moved the court to set aside the final judgments of forfeiture, citing Mississippi Code Annotated section 83-39-7 (1972).
A bail bondsman licensed under this chapter shall have a right to apply for and obtain from the proper court an extension of time delaying a final judgment of forfeiture if such bail bondsman can satisfactorily establish to the court wherein such forfeiture is pending that the defendant named in such bail bond is lawfully in custody outside of the State of Mississippi.
On June 10, 1979 the circuit court judge entered an order denying Allied’s motion in each of the three cases. It is from these orders that Allied has prosecuted the present appeal.
On appeal Allied contends that the judgments of final forfeiture entered on March 13, 1978 were effectively amended by the subsequent orders, entered after the adjournment of the term, granting additional time within which to produce Sant and that, therefore, it is entitled to a refund of the money paid, plus appropriate costs as provided by Mississippi Code Annotated section 83-39-7 (1972).
It is Allied’s position that the attempted amendment of the March 13, 1978 final judgments of forfeiture, after the adjournment of the term at which it was entered, was valid because the order was endorsed by the district attorney as “approved” as to “form and content.”
In reply, the State cites Corn v. State, 250 Miss. 725, 168 So.2d 304 (1964), in which this Court stated:
According to the overwhelming weight of authority in other jurisdictions, both state and Federal, the surety on an appeal bond is not entitled to be relieved of its obligation on such bond unless it can show that the performance of its undertaking has been rendered impossible or excusable (a) by an Act of God; (b) by an act of the obligee; or (c) by an act of law. State v. Pelley (1943), 222 N.C. 684, 24 S.E.2d 635.
It is pointed out that the Professional Bail Bond Act changed the common law to the extent that Mississippi Code Annotated section 83-39-7 (1972), cited by Allied, allows only “an extension of time delaying a final judgment of forfeiture if such bail bondsman can satisfactorily establish to the court wherein such forfeiture is pending that the defendant named in such bail bond is lawfully in custody outside of the State of Mississippi.” (Emphasis added). No such basis for the reported extensions appears in the record and therefore Mississippi Code Annotated section 83-39-7 (1972) did not apply. Moreover, the forfeiture was not “pending”, and could not be “delayed” as it had been taken and reduced to final judgment.
As the circuit court judge pointed out in denying Allied’s motion to refund its money, the court had entered a final judgment of forfeiture from which no appeal was taken, citing McGowan’s work, “Power Of The Law Court Over Its Judgments”, 30 Mississippi Law Journal 428 (1959), in which it is stated: “A court has no power to correct, amend, open or vacate a judgment after the expiration of the term.” The exceptions to the rule noted by Judge McGowan were these:

(1) [T]he judgment is absolutely void for fraud on the jurisdiction of the court; (2) the rendition of said judgment was with *862 out and beyond the powers of the court to render; or, (3) the judgment was entered without process or notice served upon the defendant as required by due process of law.

In support of these rulings by the circuit court judge the State cites Alabama and Vicksburg Railway Company v. Bolding, 69 Miss. 255, 13 So. 844 (1891) and McIntosh v. Munson Road Machinery Company, 167 Miss. 546, 145 So. 731 (1933).
Allied counters citing cases in which this Court has held that a judgment may be amended upon mutual consent of the parties. The cases cited dealt with agreements made to allow the court to make findings which it had power to make at the time of the entry of the final decision sought to be so amended.
No statute or case has been cited indicating that a district attorney has the power or authority to agree on behalf of the State of Mississippi to a refund of money paid in satisfaction of a final judgment which has been recovered by the State and from which no appeal has been taken.
We find that the attempted extensions of time, after entry of the final judgments of forfeiture and the payment in discharge of the same by Allied of the full amount thereof after the adjournment of the term, were invalid. The action of the trial judge in denying Allied’s motions for the refund of its money was correct and the judgments appealed from are affirmed.
AFFIRMED.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.