LEE, J.,
for the Court:
¶ 1. John W. Hardy d/b/a U.S. Bail Enforcement Agency was denied his application for remission of bond in the total sum of $2,500 by the Circuit Court of Panola County. Hardy, proceeding pro se, filed a timely appeal from this judgment and asserts the following: Whether the Circuit Court of Panola County erred when it denied Hardy’s application to remit bond. Finding this issue without merit, we affirm the trial court’s denial of application for remittance of bond.
FACTS
¶ 2. Hardy was conducting business and furnishing bail bonds as U.S. Bail Enforcement Agency. On September 28, 1996, Hardy entered into a contract with John Ellis, Jr. and the Circuit Court of Panola County. The contract stated that Ellis would appear in the circuit court in Sardis, Panola County, Mississippi on October 28, 1996, at 9:00 a.m., or Hardy would pay the sum of $2,500.
¶3. On October 28, 1996, Ellis did appear before the circuit court judge. On February 21, 1997, an indictmenticapias was issued. On March 14, 1997, an order setting bail was entered by the circuit court and commanded Ellis to appear in court on August 21,1997.
¶ 4. On August 29, 1997, the trial judge entered a judgment nisi against principal and sureties. This judgment ordered Hardy to submit the appearance bond in the total sum of $2,500 because Ellis defaulted when he failed to appear in court on August 21,1997. Additionally, the trial judge directed the clerk of the court to issue scire facias to Ellis and Hardy commanding their appearance on December 1, 1997, to show cause why the judgment for the aforementioned sum and all costs should not be made final.
¶ 5. On December 5, 1997, the trial court entered a final judgment against the principal and sureties’s bond. The order of the court declared that the certified mail return receipt revealed that the scire faci-as had been served on Hardy on September^, 1997. Thereupon, the trial court stated that Ellis and Hardy were called in open court and both made default and failed to show cause regarding why said judgment should not be made final. The trial court ordered that the $2,500 judgment in favor of the State was final and absolute.
¶ 6. On June 16, 1999, Hardy filed a application for remission of bond in' the Circuit Court of Panola County. In this application, Hardy asserted that the sum of $2,500 was paid in error because Ellis was released on his own recognizance after March 14, 1997. The trial judge denied the application for remission.
DISCUSSION
¶ 7. The following issue was presented by Hardy:
*1043 WHETHER THE CIRCUIT COURT OF PANOLA COUNTY ERRED WHEN IT DENIED HARDY’S APPLICATION TO REMIT BOND.
¶ 8. Hardy asserts that the trial judge erred in denying Ms application for remission of bond because it was paid in error. Hardy contends that the bond should be returned to him because the obligation of his bond had been met and Ellis had been released on his own recognizance. Additionally, Hardy contends that he did not uncover these facts until June 16, 1999. However, the facts that support Hardy’s argument for wrongful payment and why he was delayed in this conclusion are not important. What is ultimately important in the case at bar are a sequence of dates. The dates that are sigmficant to our review are December 5, 1997, when the trial court entered its final judgment, and June 16, 1999, when Hardy filed his application for remission. We determine that pursuant to the doctrine of res judicata and the statutory language of Miss.Code Ann. § 83-39-7 (Supp.2000), Hardy’s attempt to recover the bond payment is untimely and precluded from re-litigation. We will first address why Hardy’s action is barred by the doctrine of res judicata.
¶ 9. In Holland v. Mayfield, 96-CA-01169-SCT (¶ 27), — So.2d —, 1999 WL 353023 (Miss. June 3, 1999), the Mississippi Supreme Court once again addressed the issue of res judicata and restated:
The rule of law known as res judicata holds that when a court of competent jurisdiction enters a final judgment on the merits of an action, the parties or their privies are precluded from re-litigation of claims that were decided or could have been raised in that action. Walton v. Bourgeois, 512 So.2d 698, 700 (Miss.1987). There are four identities that must be present before a subsequent action may be dismissed on the grounds of res judicata:
(1) identity of the subject matter of the original action when compared with the action now sought to be precluded; (2) identity of underlying facts and circumstances upon which a claim is asserted and relief sought in the two actions; (3) identity of the parties to the two actions, and identity met where a party to the one action was in privity with a party to the other; and (4) identity of the quality or character of a person against whom the claim is made. Dunaway v. W.H. Hopper & Associates, Inc., 422 So.2d 749, 751 (Miss.1982).
A party is precluded from raising a claim in a subsequent action if the four identities of res judicata are present. This is so regardless of whether all grounds for possible recovery were litigated or asserted in the prior action, so long as those ground were available to a party and should have been asserted. Dunaway, at 751 ...
Id. (quoting Aetna Cas. & Sur. Co. v. Berry, 669 So.2d 56, 67 (Miss.1996)). In the case sub judice, the four criteria have been met. First, we compare the subject matter of the original action with the action now sought by Hardy. The original action and the current action have the same subject matter — the payment of a $2,500 forfeited bond. Second, there are also common facts and circumstances upon which a claim is asserted and relief is sought by Hardy. On December 5, 1997, Hardy was given the opportunity to assert an argument and show cause regarding why the forfeiture of the bond should not be made final. Instead, Hardy delayed his action for remission until June 16, 1999. Hardy failed to take any action to either delay the entry of the final judgment or have the money remitted to him. Third, this Court must consider the parties involved in the two actions. We note that the doctrine of res judicata only precludes claims against parties who were adverse to each other in the original action. Holland, at (¶ 28). The same parties are involved in the lower court and in this case — those parties are Hardy and the State of Missis *1044 sippi. Fourth, is the necessity for the identity of the quality or character against whom the claim is made needs to be the same in both actions. This element is met because Hardy and the State of Mississippi were involved in the lower court action and in the current action. Hardy is attempting to have the State’s final judgment reversed. Having concluded that all four elements were met and Hardy is barred by the doctrine of res judicata, we next address why he is also barred in pursuing the remittance of the bond under Miss.Code Ann. § 83-39-7 (Supp.2000).
¶ 10. In Allied Fidelity Ins. Co. v. State, 384 So.2d 860, 861 (Miss.1980), the Mississippi Supreme Court discussed whether a final judgment of forfeiture of bail bond could be amended. The supreme court held that where there was no timely appeal taken from the final judgment it could not be amended or set aside. Id. In the case at bar, Hardy failed to file a timely appeal from the final judgment that was entered on December 5, 1997. Additionally, under Miss.Code Ann. § 83-39-7 (Supp.2000) it reads:
In the event of a final judgment of forfeiture of any bail bond written under the provisions of this chapter, the amount of money so forfeited by the final judgment of the proper court, less all accrued court costs and excluding any interest charges or attorney’s fees, shall be refunded to the bail agent or his insurance company upon proper showing to the court as to which is entitled to same, provided the defendant in such cases is returned to the sheriff of the county to which the original bail bond was returnable within twelve (12) months of the date of such final judgment, or proof made of incarceration of the defendant in another jurisdiction, and that a “Hold Order” has been placed upon the defendant for return of the defendant to the sheriff upon release from the other jurisdiction, the return to the sheriff to be the responsibility of the professional bail agent ..., then the bond forfeiture shall be stayed and remission made upon petition to the court, in the amount found in the court’s discretion to be just and proper. A bail agent licensed under this chapter shall have a right to apply for and obtain from the proper court an extension of time delaying a final judgment of forfeiture if such bail agent can satisfactorily establish to the court wherein such forfeiture is pending that the defendant named in the bail bond is lawfully in custody outside of the State of Mississippi.
¶ 11. The record reveals that Hardy failed to take any action either prior to, on the day of, or within the twelve month period after the entry of the final judgment to obtain relief and have the bond remitted to him. Therefore, we find his application which was filed on June 16, 1999, approximately seventeen months after entry of final judgment, is barred. This Court affirms the action of the trial court and its denial of Hardy’s application for remittance of bond.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.